SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
TENAYA RODEWALD, Cal Bar No. 248563
trodewald@sheppardmullin.com
1540 El Camino Real Suite 120
Menlo Park, California 94025-4111
Telephone:  650.815.2600
Facsimile:   650.815.2601

KAZIM A. NAQVI, Cal. Bar No. 300438
knaqvi@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-7017
Telephone:   310.228.3700
Facsimile:   310.228.3701

PARKER POE ADAMS & BERNSTEIN LLP
CHRISTOPHER M. THOMAS (*admitted pro hac vice*)
christhomas@parkerpoe.com
ANDREW P. TABELING (*admitted pro hac vice*)
andytabeling@parkerpoe.com
301 Fayetteville Street, Suite 1400
Raleigh, North Carolina  27602-0389
Telephone:  (919) 835-4626
Facsimile:   (919) 834-4564

NICHOLAS H. LEE (*admitted pro hac vice*)
nicholaslee@parkerpoe.com
620 S. Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: 704-335-9876
Facsimile: 704-334-4706

Attorneys for Plaintiff AMERICAN
INSTITUTE OF CERTIFIED PUBLIC
ACCOUNTANTS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS,<br><br>                Plaintiff,<br><br>     v.<br><br>STEPHEN LAU,<br><br>                Defendant. | Case No. 5:24-cv-01940-SSS-SHK<br><br>**PLAINTIFF'S AMENDED COMPLAINT FOR:**<br><br>**(1) Copyright Infringement**<br><br>**(2) Misappropriation of Trade Secrets (DTSA)**<br><br>**(3) Breach of Contract** |

-1-

1 | STEPHEN LAU,

2 |            Counter-Claimant,

**JURY TRIAL DEMANDED**

3 |    v.

4 | AMERICAN INSTITUTE OF
5 | CERTIFIED PUBLIC
  | ACCOUNTANTS

6 |            Counter-Defendant.

7

8    Plaintiff American Institute of Certified Public Accountants (the "AICPA" or

9 "Plaintiff") complains of Defendant Stephen Lau ("Defendant") as follows:

10 | <u>**NATURE OF THE ACTION**</u>

11    1.    This is a civil action seeking injunctive relief and damages for: (i)

12 copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501,

13 *et seq.*; (ii) misappropriation of trade secrets in violation of the Defend Trade Secrets

14 Act of 2016, 18 U.S.C. §§ 1836, *et seq.* (the "DTSA"); and (iii) breach of contract in

15 violation of California state law.

16 | <u>**INTRODUCTION**</u>

17    2.    Certified Public Accountants ("CPAs") instill trust in organizations and

18 economies of all sizes with quality audits, assurance and tax services, and strategic

19 advice. The confidence placed in the work of CPAs strengthens capital markets and

20 expands opportunities for sustainable and inclusive growth around the world. This

21 confidence and the trust it engenders are at the heart of the work CPAs do and why

22 their work is valued so highly.

23    3.    The accounting profession powers trust, opportunity and prosperity for

24 individuals, communities, businesses, and governments. People around the world rely

25 on CPAs for their unique expertise, commitment to a code of ethics and long history

26 of innovation.

27    4.    CPAs' commitment to the public interest — to transparency and integrity

28 — in a complex and ever-evolving regulatory environment fosters greater prosperity.

-2-

5.      The AICPA and its predecessors have a history dating back to 1887.

6.      The AICPA was founded to establish, maintain, and advance public and client trust in the accountancy profession. Its mission is to drive a dynamic accounting profession ready to meet the demands of a constantly changing, disruptive world.

7.      Public trust is not given freely, it is earned. The AICPA works to establish, maintain and advance public trust in CPAs.

8.      One of the ways the AICPA plays a significant role in instilling public confidence in the accountancy profession is through the Uniform CPA Examination (the "CPA Exam"). The AICPA develops, designs and scores the CPA Exam, which a CPA candidate must pass as part of the process of becoming a licensed CPA in the United States.

9.      The AICPA is the author of the questions, problems and suggested answers ("Exam Content"), which include the prefatory material, narrative passages, diagrams and answer choices that make up the test items used in the Uniform CPA Exam.

10.     As the author of the Exam Content, the AICPA registers its copyrights in Exam Content by using special accommodations for registering copyrightable authorship in secure tests or groups of secure test items. This ensures, among other things, that unredacted Exam Content will not be jeopardized by making them available to the public.

11.     In order to maintain the validity, security and integrity of the CPA Exam and ensure that only qualified candidates are licensed as CPAs, the AICPA goes to great lengths to keep the Exam Content secret and secure.

12.     All AICPA employees, contractors, vendors and partners who are involved in creating, administering and grading the CPA Exam are subject to strict confidentiality agreements which restrict the disclosure and use of Exam Content.

13.    All candidates who take the CPA Exam must first electronically enter into a non-disclosure agreement preventing them from disclosing Exam Content without the AICPA's consent.

14.    The AICPA's efforts to maintain the secrecy of Exam Content serve two very important functions.

    a.  First, they help ensure an even playing field and fairness between and among CPA candidates. No candidate should have an advantage over any other, especially one based on having access to secret information about the CPA Exam or its contents.

    b.  Second, they promote public trust. The public must be confident that a licensed CPA passed the examination not because they knew the questions or answers beforehand but because they were able to exercise the skills and required of a newly licensed CPA in order to correctly answer the questions.

15.    Before and as a prerequisite to being permitted to sit for and access the CPA Exam, Defendant acknowledged that he understood and agreed that:

    a.  the purpose of the CPA Exam is to protect the public by regulating the admission of those deemed qualified as CPAs and assuring that each applicant is tested for minimum professional competence;

    b.  keeping the Exam Content confidential helps safeguard the validity, security, and integrity of the CPA Exam and ensures that only qualified candidates are licensed as CPAs;

    c.  Exam Content is the exclusive, confidential, and proprietary property of the AICPA, and is protected from unauthorized disclosure and use by federal, state, and international intellectual property laws, including but not limited to copyright and trade secret laws.

16.    Before and as a prerequisite to being permitted to sit for and access the CPA Exam, Defendant certified that he would not in the future:

-4-

AMENDED COMPLAINT

      a. share, post, display, publish, distribute, transmit, or otherwise disclose Exam Content in any way, including but not limited to dissemination via the Internet or social media; or

      b. communicate about Exam Content online at any time before, during, or after taking the Uniform CPA Exam.

17.    Defendant signed up and sat for the CPA Exam in part of an effort to become a CPA.

18.    In unlawfully copying, publicly displaying and disclosing Exam Content, all in violation of the clear language of the agreement he entered into in order to be given access to the CPA Exam, Defendant infringed the AICPA's copyright rights in the Exam Content, misappropriated the AICPA's trade secrets, and breached his contracts with the AICPA.

19.    He also acted inconsistently with the professional and ethical standards that the public expects from a licensed CPA.

20.    In addition to violating the AICPA's intellectual property and contract rights, Defendant's unlawful copying of Exam Content and disclosure of it to a Discord group of other CPA candidates compromised the integrity of the CPA Exam by giving those who saw it an unfair advantage that other candidates did not have.

21.    Defendant also publicly disclosed other Exam Content and CPA Exam-related information on other CPA Exam-related social media channels and/or groups, including Reddit.

22.    He did so in blatant disregard of his personal legal obligations, promises and duty to keep secret the Exam Content.

23.    He did so in violation of the public's trust in the accounting profession and its members.

24.    In response, the AICPA brings this action to protect its intellectual property rights, safeguard the integrity of the CPA Exam, and maintain the public trust.

-5-

## JURISDICTION AND VENUE

25.     This Court has jurisdiction over the subject matter of Plaintiff's federal claims under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Copyright Act, 17 U.S.C. §§ 106 and 501, *et seq.*, and under the DTSA, 18 U.S.C. § 1836, *et seq.* This Court has supplemental jurisdiction over Plaintiff's related state law claims under 28 U.S.C. § 1367(a).

26.     This Court has personal jurisdiction over Defendant because he resides or may be found in this District.

27.     This Court also has personal jurisdiction over Defendant because he, as described below, purposefully availed himself of the privileges of conducting activities and doing business in California and in this District, thus invoking the benefits and protections of California's laws, by entering into a contractual agreement with the AICPA in California.

28.     Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and 1400(a) because, on information and belief, Defendant resides or may be found in this District. Venue is also proper in this District under 28 U.S.C. §§ 1391(b)(2) because this is a District in which a substantial part of the events giving rise to Plaintiff's claims occurred.

## THE PARTIES

29.     The AICPA is a non-profit corporation organized under the law of the District of Columbia and registered to do business in California.

30.     On information and belief, Defendant is domiciled in and a resident of this District.

### *The AICPA and the Uniform CPA Exam*

31.     Founded in 1887 as the American Association of Public Accountants, the AICPA is the world's largest member association representing the accounting profession. It establishes professional standards for CPAs and provides them with

1    resources to assist them in providing the highest and most ethical service to their
2    clients.

3         32.    The AICPA is the author and developer of the CPA Exam.

4         33.    The CPA Exam is the result of substantial ongoing efforts by the AICPA
5    to develop Exam Content, and to keep such material secret.

6         34.    The CPA Exam is rigorous. CPA Exam candidates are required to pass
7    three Core exam sections and one of three Discipline exam sections of the candidate's
8    choosing. The Core exam sections assess the knowledge and skills that all newly
9    licensed CPAs need in their role to protect the public interest. The Discipline exam
10   sections assess the knowledge and skills in the respective Discipline domain
11   applicable to newly licensed CPAs in their role to protect the public interest. Each
12   section is four hours long.

13        35.    The three Core exam sections of the CPA Exam are:  Auditing and
14   Attestation ("AUD"), Financial Accounting and Reporting ("FAR"), and Taxation
15   and Regulation ("REG"). The three Discipline exam sections of the CPA Exam are:
16   Business Analysis and Reporting ("BAR"), Information Systems and Control
17   ("ISC"), and Tax Compliance and Planning ("TCP").

18   ### *The AICPA's Copyrights in the Uniform CPA Exam*

19        36.    The AICPA is the author and owner of all rights, title, and interest in the
20   copyrights in the CPA Exam, including without limitation the Exam Content.

21        37.    The AICPA maintains many copyright registrations which cover various
22   versions of the CPA Exam. The Exam Content infringed by Defendant is the subject
23   of U.S. Copyright Reg. No. TXu002287113 (dated July 6, 2020).  A true and correct
24   copy of this registration certificate is attached hereto as **Exhibit A**.

25   ### *The AICPA's Trade Secrets in the Uniform CPA Exam*

26        38.    The AICPA has spent substantial time, funds, and other resources
27   designing, creating, developing, improving and maintaining the secrecy of the Exam
28   Content and keeping such material secret.

AMENDED COMPLAINT

39.     The Exam Content contains and is comprised in large part of trade secrets (the "Trade Secrets").

40.     The AICPA is the owner of all rights, title and interest in and to the Exam Content and the Trade Secrets therein.

41.     The AICPA develops Exam Content, including the Trade Secrets, through significant time, effort and expense.

42.     The development of each test item involves rigorous review by a team of experts.

43.     The Trade Secrets are the subject of efforts that are reasonable under the circumstances to maintain secrecy, which are part of the expense associated with the Trade Secrets.

44.     As noted above, the copyrights in the Exam Content are registered using special accommodations for copyrightable authorship in secure tests to prevent public disclosure of unredacted copies of Exam Content. As Congress has recognized, this "secure test" regulation represents a judgment by the Copyright Office that "retention of [secure tests and secure test items] by the Office and availability for public inspection could severely prejudice the future utility, quality, and integrity of the materials." 42 Fed. Reg. 59302, 59304 (Nov. 16, 1977).

45.     For this reason, among others, at all relevant times, the AICPA has taken reasonable measures to keep the Trade Secrets secret by, among other things: (i) maintaining the Trade Secrets on secured internet platforms; (ii) requiring confidentiality agreements and/or non-disclosure agreements from every person who might have access to or view the Trade Secrets, including without limitation, all persons who take the CPA Exam; (iii) limiting access to the Trade Secrets on a "need-to-know" basis and only to those who are developing or taking the CPA Exam; (iv) conditioning access to the Trade Secrets to accounts attributable to unique users, which are password-protected and require multi-factor authentication; (v) storing Exam Content in its final state in the AICPA's core content management system

-8-

which can only be accessed using a secure connection on the AICPA virtual private network (VPN); (vi) limiting the ability of those who access the AICPA's Trade Secrets to print or export Exam Content; (vii) securely transmitting the CPA Exam to the exam administrator and ensuring that the exam administrator securely transmits the CPA Exam to its test centers and that it conducts security screening and monitoring of its testing facilities and testing candidates in its operations related to the CPA Exam; and (viii) using a private security firm to monitor internet traffic to identify any parties that have acquired, disclosed, or used its Trade Secrets without authorization.

46.    As demonstrated by, and in part as a result of, the foregoing, the AICPA's Trade Secrets derive independent actual and potential economic value from not being generally known to, and not being readily ascertainable through proper means by, another person who could obtain economic value from the disclosure or use of the Trade Secrets.

47.    The independent economic value derived from the Exam Content not being generally known is also demonstrated when the secrecy of Exam Content is compromised due to the costs that arise in association with addressing such misappropriation and any issues related to the security, validity and future utility of the Exam Content that has been misappropriated.

48.    This is because the unauthorized disclosure of Exam Content causes significant harm to the AICPA including, but not limited to, creating the need to develop additional Exam Content to replace the disclosed Exam Content. The development of such "replacement Exam Content" involves significant effort and expense.

49.    In addition, advance knowledge of Exam Content affects the validity and reliability of the CPA Exam for those to whom it might be administered in the future because a candidate who knows a question and suggested answers ahead of time is in

AMENDED COMPLAINT

1   a position to determine the correct suggested answer, giving that person an advantage

2   over others who do not have the same information.

3        50.    The actual and potential independent economic value the Exam Content

4   derives from not being generally known to, and not being readily ascertainable

5   through proper means by, another person who can obtain economic value from the

6   disclosure or use of the Exam Content, is further demonstrated by the fact that the

7   AICPA licenses some of the retired Exam Content to CPA Exam review course

8   providers, for which it is paid royalties.

9                            ***Defendant's Contracts with the AICPA***

10       51.    On or about November 16, 2023, in order to schedule himself to sit for

11   the REG section of the CPA Exam, Defendant entered into a non-disclosure

12   agreement with the AICPA. (The full text of the non-disclosure agreement Defendant

13   entered into with the AICPA on November 16, 2023 (the "**16 November 2023**

14   **NDA**"), is attached hereto as **Exhibit B**.)

15       52.    On or about December 28, 2023, in order to schedule himself to sit for

16   the ISC section of the CPA Exam, Defendant entered into a non-disclosure agreement

17   with the AICPA. (The full text of the non-disclosure agreement that Defendant

18   entered into with the AICPA on December 28, 2023 (the "**28 December 2023 NDA**"),

19   is attached hereto as **Exhibit C**.) (The 16 November 2023 NDA and 28 December

20   2023 NDA are referred to herein collectively as "the **NDAs**").

21       53.    Defendant would not have been permitted to schedule, sit for, take or

22   otherwise view these sections of the CPA Exam and the Exam Content if he had

23   refused or failed to execute and enter into the NDAs.

24       54.    Defendant would not have been permitted to access Exam Content if he

25   had not reaffirmed his agreement to the terms of the NDA immediately before taking

26   the CPA Exam.

27

28

SMRH:4920-2608-2317              AMENDED COMPLAINT

55.     By entering into the NDAs, Defendant acknowledged and agreed that he: "read and shall comply at all times with all testing policies and procedures[.]" (Exhibit B at 2; Exhibit C at 2.)

56.     By entering into the NDAs, Defendant acknowledged and agreed that: "[t]he purpose of the Uniform CPA Exam is to protect the public by regulating the admission of those deemed qualified as CPAs and assuring that each applicant is tested for minimum professional competence." (Exhibit B at 1; Exhibit C at 1.)

57.     By entering into the NDAs, Defendant acknowledged and agreed that: "[k]eeping the questions, problems, and suggested answers of the Uniform CPA Exam . . . confidential helps maintain the validity, security, and integrity of the Uniform CPA Exam and ensure that only qualified candidates are licensed as CPAs." (Exhibit B at 1; Exhibit C at 1.)

58.     By entering into the NDAs, Defendant acknowledged and agreed that: "Exam Content is the exclusive, confidential, and proprietary property of the AICPA, and is protected from unauthorized disclosure and use by the terms of this [NDA] and by federal, state, and international intellectual property laws, including but not limited to copyright and trade secret laws."  (Exhibit B at 1; Exhibit C at 1.)

59.     By entering into the NDAs, **Defendant acknowledged and agreed that**: "[a]ccess to and use of such trade secrets and confidential information is strictly limited and controlled by the AICPA. . . [and that] **Exam Content may not be** captured digitally, **copied, including by memorization, distributed, or otherwise disclosed, and may not be used in any way not expressly authorized by the AICPA.**"  (Exhibit B at 1; Exhibit C at 1.) (emphasis added).

60.     By entering into the NDAs, **Defendant acknowledged and agreed that he would**: "**at all times maintain the secrecy and confidentiality of the Exam Content and** . . . **not engage in any misconduct that could compromise the secrecy, confidentiality, integrity, or security of the Uniform CPA Exam or the Exam Content**[.]"  (Exhibit B at 1; Exhibit C at 1.) (emphasis added).

-11-

61.     In entering into the NDAs, **Defendant acknowledged, agreed and certified that he** had not in the past and **would not in the future engage in any of the following conduct**, defined under the NDAs as "irregular behavior":

- Cheating by any means on any part of the Uniform CPA Exam;
- **Copying,** photographing, recording, **or reproducing Exam Content by any means, including but not limited to reconstruction through memorization**;
- **Sharing, posting, displaying, publishing, distributing, transmitting, or otherwise disclosing Exam Content in any way, including but not limited to dissemination via the Internet or social media**; . . . or
- **Communicating about Exam Content,** including but not limited to in-person, **online,** or via text, chat, instant or direct messaging, or email **with anyone, at any time** before, during, or **after taking the Uniform CPA Exam**.

(Exhibit B at 1; Exhibit C at 1–2.) (emphasis added).

62.     By entering into the NDAs, Defendant acknowledged and agreed that his failure to comply with these provisions not only "may result in civil or criminal penalties" but that "the AICPA may recommend that the State Board invalidate or cancel [his] Exam scores or revoke [his] license, if it has been issued." (Exhibit B at 2–3; Exhibit C at 2–3.)

63.     Defendant sat for the REG section of the Exam on November 25, 2023.

64.     In order to sit for the REG section of the CPA Exam, Defendant re-affirmed and agreed to the terms and conditions of the 16 November 2023 NDA.

65.     Defendant sat for the ISC section of the CPA Exam on February 3, 2024.

66.     In order to sit for the ISC section of the CPA Exam, Defendant re-affirmed and agreed to the terms and conditions of the 28 December 2023 NDA.

67.     Defendant also reiterated and affirmed his acknowledgments and agreements that:

> the questions, problems, and suggested answers of the Uniform CPA Examination (together, the "Exam Content") is protected by

-12-

United States federal, state, and international copyright and trade secret laws, and contains trade secret and other confidential information that is the exclusive property of the AICPA, and that [he would] maintain the confidentiality of the Exam Content.

68.    In addition, Defendant agreed that he would not and would not attempt to, by any means divulge or disclose the nature or content of any Exam Content under any circumstances.

69.    Defendant also agreed to promptly report to the AICPA any disclosure of Exam Content that he knew of or of which he later became aware.

### *Defendant's Unlawful Acts*

70.    Defendant violated the NDAs, infringed Plaintiff's copyrights, misappropriated the Trade Secrets, and risked undermining the public trust in the accountancy profession by repeatedly disclosing Exam Content where it was likely to be seen by others taking the CPA Exam.

71.    Defendant, having agreed to keep the Exam Content confidential and secret, and to maintain the integrity of the Exam, nevertheless disclosed Exam Content in violation of the NDAs and state and federal law.

### *Defendant Leaks Exam Content on Discord*

72.    Defendant is a user of a messaging service called Discord.

73.    Discord is a communication platform divided into individual chat rooms, which are called "servers." Servers are maintained for a variety of interests and subjects. Each server is accessible by an invite link.

74.    Defendant operated an account on Discord named "wesleysakamoto."

75.    Defendant was a member of a Discord server called "CPA Study Group."

76.    On February 3, 2024, the same day he took the ISC section of the CPA Exam and reaffirmed his acknowledgement and agreement to the terms of the 28 December 2023 NDA, including those set forth above, Defendant posted a message in the "CPA Study Group" Discord server containing a virtually exact reproduction

SMRH:4920-2608-2317                                                    AMENDED COMPLAINT

of both the content of an ISC multiple choice question along with the related answer choices.

77.    That same day, Defendant also disclosed descriptions of the subject matter of three task-based simulations on the same Discord server -- a server dedicated to people studying for the CPA Exam.

78.    In so doing, Defendant infringed the AICPA's copyrights, misappropriated the Trade Secrets, and breached the NDAs.

79.    His posts also provided an unfair advantage to other test takers in the CPA Study Group Discord server.

### ***Defendant Makes Unauthorized Disclosures of Exam Content on Reddit***

80.    Defendant's conduct on February 3, 2024, was not an isolated act.

81.    The AICPA's investigation revealed that Defendant has engaged in other, similar conduct to that described above.

82.    Defendant operates an account on Reddit.

83.    Reddit is a public news aggregation, content rating, and forum website. The website is divided into "subreddits" where users submit and discuss content related to a particular topic or interest.

84.    Defendant operates a Reddit account under the name "omgitsalobster82."

85.    The day after he sat for the REG section of the Exam, Defendant posted on the CPA subreddit. In that post, Defendant provided details about the subject matters of four different multiple choice questions from the REG Exam administered the day before.

86.    Defendant's Exam Content-related posts provided future test takers who saw them valuable insight into the disclosed CPA Exam Content and an unfair advantage over other test takers.

87.    Defendant's acts described above and other, similar conduct jeopardize the integrity and fairness of the CPA Exam and threaten to undermine the foundations

-14-

of public trust upon which the accounting profession is built, necessitating the AICPA to take action to prevent further disclosure of Exam Content.

88.    Defendant's blatant disregard for the law and his legal obligations shows that his acts were willful and malicious.

**FIRST CLAIM FOR RELIEF**
**(Copyright Infringement in violation of**
**the Copyright Act, 17 U.S.C. §§ 106 and 501, *et seq.*)**

89.    The AICPA re-alleges and incorporates fully by reference the allegations contained in the foregoing paragraphs of this complaint as if set forth fully herein.

90.    This is a claim for copyright infringement under misappropriation of trade secrets under the Copyright Act, 17 U.S.C. §§ 106 and 501, *et seq*.

91.    The AICPA is the author, creator, and owner of all rights, title, and interest in a number of valid, registered, and enforceable copyrights in the CPA Exam.

92.    On February 3, 2024, Defendant unlawfully reproduced and publicly displayed on the CPA Study Group server in Discord, Exam Content that is the subject of U.S. Copyright Reg. No. TXu002287113 (dated July 6, 2020) (the "Registered Work").

93.    The Registered Work was part of the ISC section of the CPA Exam, which Defendant sat for on February 3, 2024.

94.    While sitting for the ISC section of the CPA Exam, Defendant had access to the Registered Work.

95.    Defendant infringed the AICPA's copyright in the Registered Work by unlawfully publicly displaying an unauthorized reproduction of and/or derivative work based upon the Registered Work.

96.    The AICPA never authorized Defendant to reproduce, publicly display or create derivative works of the Registered Work.

97.    On the contrary, Defendant's public display of an unauthorized reproduction of and/or derivative work based upon the Registered Work was strictly

-15-

prohibited under contracts Defendant had entered into with the AICPA, making his infringements of the AICPA's Registered work willful.

98.    In creating and publicly displaying such unauthorized reproduction and derivative work, Defendant infringed the AICPA's registered copyright and is liable to the AICPA for direct and willful infringement under 17 U.S.C. § 501, et seq.

99.    The AICPA has suffered actual damages as a result of Defendant's infringement.

100.   In addition to the AICPA's actual damages, the AICPA is entitled to receive any additional profits made by Defendant from his wrongful acts pursuant to 17 U.S.C. § 504.

101.   In the alternative, the AICPA is entitled to statutory damages pursuant to 17 U.S.C. § 504(c). These statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2) due to Defendant's willful infringement.

102.   Defendant's conduct is causing, and unless enjoined and restrained by this Court, will continue to cause, Plaintiff great and irreparable injury that cannot fully be measured in money. The AICPA has no adequate remedy at law for Defendant's wrongful conduct because (i) the AICPA's copyrights are unique and valuable property that have no readily determinable market value; (ii) Defendant's infringement constitutes an interference with the AICPA's goodwill and public image; and (iii) Defendant's wrongful conduct and the damages resulting therefrom are continuing.

103.   The AICPA is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

### SECOND CLAIM FOR RELIEF
**(Misappropriation of Trade Secrets under 18 U.S.C. § 1836, *et seq.*)**

104.   The AICPA re-alleges and incorporates fully by reference the allegations contained in the foregoing paragraphs of this complaint as if set forth fully herein.

-16-

AMENDED COMPLAINT

105.   This is a claim for misappropriation of trade secrets under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, et seq.

106.   The AICPA is the owner of the Trade Secrets (as defined above), which are "trade secrets" under 18 U.S.C. § 1839(3) because they are business and technical information that:

a.  at all relevant times have been the subject of reasonable measures to keep them secret; and

b.  derive independent economic value, actual or potential, from not being generally known or readily ascertainable through proper means by another person who can obtain economic value from the disclosure or use of the information.

107.   The AICPA's Trade Secrets are intended to be used in and have been used in interstate and foreign commerce as part of the Uniform CPA Examination.

108.   The AICPA has spent considerable time, effort, and financial resources to develop and protect the Trade Secrets.  The AICPA has treated the Trade Secrets as secret and has protected them from unauthorized access by third parties.

109.   As described in detail above, at all relevant times, the AICPA has taken reasonable measures to keep the Trade Secrets secret.

110.   Defendant had access to and acquired the AICPA's Trade Secrets and other Confidential Information under the terms and restrictions of the NDAs.

111.   Defendant acquired the AICPA's Trade Secrets with the knowledge that they are secrets he was contractually obligated not to disclose.

112.   Defendant misappropriated the AICPA's Trade Secrets by disclosing them on the Internet without the express or implied consent of the AICPA.

113.   Defendant misappropriated the AICPA's Trade Secrets, including without limitation, by disclosing the content of an ISC multiple choice question, its related answer choices and the subject matter of three task-based simulations on the "CPA Study Group" Discord server -- a server dedicated to people studying for the

-17-

AMENDED COMPLAINT

CPA Exam -- and by disclosing them on other social media platforms, such as Reddit, all without the express or implied consent of the AICPA.

114.    Defendant's misappropriation was willful and malicious because he disclosed the AICPA's Trade Secrets repeatedly despite his clear notice in the NDAs that such disclosure was a violation of the AICPA's rights.

115.    As a result of the misappropriation, Defendant has proximately caused harm to the AICPA and is in a position to continue to injure the AICPA.

116.    The AICPA has incurred actual losses, and/or Defendant has been unjustly enriched as a result of Defendant's misappropriation of the AICPA's Trade Secrets.

117.    The AICPA is entitled to: (a) an award of its damages for actual loss caused by Defendant's misappropriation of the Trade Secrets; (b) recovery for any unjust enrichment caused by Defendant's misappropriation of the Trade Secrets that is not addressed in computing damages for actual loss; and (b) an award of exemplary damages and attorneys' fees for willful and malicious misappropriation.

118.    As a result of Defendant's wrongful acts alleged herein, the AICPA has suffered and is continuing to suffer irreparable injury. The AICPA cannot be adequately compensated for these injuries by monetary awards alone, and the AICPA has no adequate remedy at law for Defendant's misappropriation of the Trade Secrets.

119.    The AICPA is entitled to injunctive relief against Defendant, who should be preliminary and permanently enjoined pursuant to 18 U.S.C. § 1836(b)(3)(A) from having access to any AICPA Exam Content, and from the further actual and threatened disclosure of the AICPA's Trade Secrets.

## THIRD CLAIM FOR RELIEF
### (Breach of Contract)

120.    The AICPA re-alleges and incorporates fully by reference the allegations contained in the foregoing paragraphs of this complaint as if set forth fully herein.

-18-

121.   Access to the CPA Exam is conditioned upon execution of a non-disclosure agreement and reaffirmation of such non-disclosure agreement on the day the Exam is taken.

122.   In order to take the CPA Exam, all test takers must assent to the terms of a non-disclosure agreement.

123.   Defendant took the two Sections of the CPA Exam.

124.   Defendant acknowledged and agreed to the terms of the NDAs in order to schedule and sit for the Exam and acknowledged and reaffirmed his agreement to those terms on November 25, 2023, and on February 3, 2024.

125.   Specifically, Defendant acknowledged and reaffirmed that the NDAs:

[Set] forth the terms and conditions of [his] use and disclosure of Uniform CPA Examination ("Uniform CPA Exam" or "Exam") materials and content, including but not limited to its questions, problems, and suggested answers [and that] . . .

**Keeping the questions, problems, and suggested answers of the Uniform CPA Exam (collectively referred to below as "Exam Content") confidential helps maintain the validity, security, and integrity of the Uniform CPA Exam and ensure that only qualified candidates are licensed as CPAs.**

(emphasis added).

126.   Defendant further acknowledged and reaffirmed:

**Exam Content is the exclusive, confidential, and proprietary property of the AICPA, and is protected from unauthorized disclosure and use by the terms of this Agreement and by federal, state, and international intellectual property laws, including but not limited to copyright and trade secret laws** [and that]

Exam Content contains trade secrets and confidential information owned by the AICPA. Access to and use of such trade secrets and confidential information is strictly limited and controlled by the AICPA. **Exam Content may not be** captured digitally, **copied, including by memorization, distributed, or otherwise**

-19-

SMRH:4920-2608-2317                                     AMENDED COMPLAINT

**disclosed**, and may not be used in any way not expressly authorized by the AICPA.

(emphasis added).

127.    Defendant also certified that he would not in the future engage in any of the following misconduct:

- **Copying**, photographing, **recording, or reproducing Exam Content by any means**, i**ncluding but not limited to reconstruction through memorization**

- **Sharing, posting, displaying, publishing, distributing, transmitting, or otherwise disclosing Exam Content in any way, including but not limited to dissemination via the Internet or social media**; [or]

- **Communicating about Exam Content, including but not limited to in-person, online**, or via text, chat, instant or direct messaging, or email with anyone, at any time before, during, or after taking the Uniform CPA Exam.

(emphasis added).

128.    Yet Defendant, did just these things the same day and day after he re-affirmed his agreement not to.

129.    In so doing, Defendant breached the NDAs.

130.    Defendant has and will likely continue to knowingly, intentionally, and materially breach the NDAs by, among other things:

    a.  Copying and reproducing Exam Content;

    b.  Sharing, posting, displaying, publishing, distributing, transmitting, and otherwise disclosing Exam Content via the Internet and social media;

    c.  Providing unauthorized access to Exam Content;

    d.  Communicating about Exam Content after taking the CPA Exam; and

    e.  Failing to maintain the secrecy of the Exam Content.

-20-

AMENDED COMPLAINT

131.   As a direct result of Defendant's breach of his contractual obligations under the NDAs, the AICPA has sustained and will continue to sustain damages in an amount to be determined.

132.   As a result of Defendant's breach of the NDAs, the AICPA has suffered and is continuing to suffer irreparable injury.  The AICPA cannot be adequately compensated for these injuries by monetary awards alone, and the AICPA has no adequate remedy at law for Defendant's breach.  The AICPA is entitled to injunctive relief against Defendant and to recover any damages proven to have been caused by reason of Defendant's breach.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment in its favor, and against Defendant, and that the Court:

1.   Grant Plaintiff a trial by jury on all issues so triable;

2.   Enter judgment in Plaintiff's favor and against Defendant on all claims herein;

3.   Adjudge Defendant to have infringed the AICPA's copyrights in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501, *et seq*.;

4.   Adjudge Defendant to have misappropriated the AICPA's Trade Secrets in violation of the Defend Trade Secrets Act of 2016, and 18 U.S.C. § 1836, *et seq*.;

5.   Adjudge Defendant to have breached the NDAs in violation of California law;

6.   Declare that Defendant's infringement and other wrongdoings were willful in nature or the result of reckless, willful and malicious disregard for Plaintiff's rights;

7.   Enter an order pursuant to 17 U.S.C. § 502 that preliminarily and permanently enjoins Defendant from infringing any of the AICPA's copyrighted works;

-21-

AMENDED COMPLAINT

8.     Enter an order pursuant to 18 U.S.C. § 1836(b)(3)(A)(ii) that preliminarily and permanently enjoins Defendant from any further access to any Exam Content and any further actual or threatened misappropriation (including, without limitation, by disclosure) of AICPA Trade Secrets;

9.     Enter an order that preliminarily and permanently enjoins Defendant from further violating the NDAs and any other agreements with AICPA related to Exam Content;

10.    Enter an order pursuant to 17 U.S.C. § 504 requiring that Defendant pay: (a) the AICPA the maximum amount of statutory damages permitted under 17 U.S.C. § 504; or, (b) in the event that the AICPA elects to instead to recover actual damages and Defendant's additional profits from Defendant before final judgment is rendered, the AICPA's actual damages and Defendant's additional profits, together with interest, including pre-judgment interest, as fixed by the Court;

11.    Enter an order pursuant to 18 U.S.C. § 1836(b)(3)(B), *et seq.*, requiring Defendant to pay the AICPA: (a)(i) damages for actual loss caused by the misappropriation of the trade secret; and (a)(ii) damages for any unjust enrichment caused by the misappropriation of the trade secret that is not addressed in computing damages for actual loss; or (b) the damages caused by the misappropriation measured by imposition of liability for a reasonable royalty for Defendant's unauthorized disclosure or use of the Trade Secrets; and (c) pursuant to 18 U.S.C. § 1836(b)(3)(C), because Defendant willfully and maliciously misappropriated the Trade Secrets, pay the AICPA exemplary damages in an amount two times the amount of the damages awarded under (a) or (b) of this paragraph;

12.    Enter an order pursuant to 17 U.S.C. § 505 and/or 18 U.S.C. § 1836(b)(3)(D) awarding the AICPA its reasonable attorneys' fees, costs, and expenses;

13.    Award Plaintiff pre-judgment and post-judgment interest on all damages awards to the extent recoverable by law;

1    14.    Tax the costs of this action against Defendant; and

2    15.    Award Plaintiff such other and further relief as the Court deems just and

3    proper.

4

5    Dated: January 6, 2025

6                        SHEPPARD, MULLIN, RICHTER &
                         HAMPTON LLP
7

8

9                        By:    _____
                                     /s/ Tenaya Rodewald
10                                   TENAYA RODEWALD
                                     KAZIM A. NAQVI
11                                   Attorneys for Plaintiff
                              AMERICAN INSTITUTE OF CERTIFIED
12                                   PUBLIC ACCOUNTANTS

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-23-