1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   TENAYA RODEWALD, Cal Bar No. 248563
3  trodewald@sheppardmullin.com
   1540 El Camino Real Suite 120
4  Menlo Park, California 94025-4111
   Telephone:  650.815.2600
5  Facsimile:   650.815.2601

6  KAZIM A. NAQVI, Cal. Bar No. 300438
   knaqvi@sheppardmullin.com
7  1901 Avenue of the Stars, Suite 1600
   Los Angeles, California 90067-7017
8  Telephone:   310.228.3700
   Facsimile:   310.228.3701

9
   PARKER POE ADAMS & BERNSTEIN LLP
10 CHRISTOPHER M. THOMAS (*admitted pro hac vice*)
   christhomas@parkerpoe.com
11 ANDREW P. TABELING (*admitted pro hac vice*)
   andytabeling@parkerpoe.com
12 301 Fayetteville Street, Suite 1400
   Raleigh, North Carolina  27602-0389
13 Telephone:  (919) 835-4626
   Facsimile:   (919) 834-4564
14
   NICHOLAS H. LEE (*admitted pro hac vice*)
15 nicholaslee@parkerpoe.com
   620 S. Tryon Street, Suite 800
16 Charlotte, North Carolina 28202
   Telephone: 704-335-9876
17 Facsimile: 704-334-4706

18 Attorneys for Plaintiff and
   Counterdefendant AMERICAN
19 INSTITUTE OF CERTIFIED PUBLIC
   ACCOUNTANTS
20
                    UNITED STATES DISTRICT COURT
21
         CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION
22

23 AMERICAN INSTITUTE OF              Case No. 5:24-cv-01940-SSS-SHK
   CERTIFIED PUBLIC
24 ACCOUNTANTS,                       **COUNTER-DEFENDANT
                                      AMERICAN INSTITUTE OF
25          Plaintiff,                CERTIFIED PUBLIC
                                      ACCOUNTANTS' ANSWER TO
26      v.                            COUNTER-CLAIMANT STEPHEN
                                      LAU'S COUNTERCLAIMS**
27 STEPHEN LAU,

28          Defendant.

|   |   |
|---|---|
| 1 | STEPHEN LAU, |
| 2 |         Counter-Claimant, |
| 3 |    v. |
| 4 | AMERICAN INSTITUTE OF CERTIFIED PUBLIC |
| 5 | ACCOUNTANTS |
| 6 |        Counter-Defendant. |

SMRH:4935-6231-1437

Case No. 5:24-cv-01940-SSS-SHK
ANSWER TO COUNTERCLAIMS

Counterdefendant American Institute of Certified Public Accountants (the "**AICPA**") hereby responds to the allegations of Counterclaimant Stephen Lau's ("**Mr. Lau**") Counterclaims [ECF Dkt. No. 28] ("**Counterclaims**") as follows:

1.    The AICPA admits that Mr. Lau is an aspiring Certified Public Accountant ("CPA"). The AICPA lacks sufficient information to admit or deny the remaining allegations of this paragraph of the Counterclaims and therefore denies them.

2.    The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

3.    The AICPA admits only that it sued Mr. Lau for copyright infringement and trade secret misappropriation, among other claims. Except as expressly admitted, the AICPA denies any other allegations made or implied by this paragraph of the Counterclaims.

4.    The AICPA admits only that it has observed Discord and Reddit study group discussions about AICPA-authored exam content for several years. Except as expressly admitted, the AICPA denies any other allegations made or implied by this paragraph of the Counterclaims.

5.    The AICPA admits only that Mr. Lau is a real person. The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims concerning Mr. Lau's family, and therefore denies them. The AICPA's complaint speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. Except as expressly admitted, the AICPA denies any other allegations made or implied by this paragraph of the Counterclaims.

6.    Denied.

**The Parties**[1]

7.     Admitted.

8.     Admitted.

**Jurisdiction and Venue**

9.     The allegations in this paragraph of the Counterclaims state legal conclusions to which no response is required. To the extent a response is required, the AICPA admits that this Court has federal subject matter jurisdiction over the claims in this lawsuit and denies the remaining allegations in this paragraph of the Counterclaims.

10.     The allegations in this paragraph of the Counterclaims state legal conclusions to which no response is required. To the extent a response is required, the AICPA admits only that this Court is the proper venue because a substantial part of the events giving rise to the AICPA's claims occurred in this judicial district and denies the remaining allegations in this paragraph of the Counterclaims.

**Mr. Lau's Endeavor to Become a Licensed CPA**

11.     The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

12.     Denied.

13.     The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

14.     The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

---

[1] For ease of reference, the AICPA adopts in this Answer certain headings and certain of the capitalized terms used by Mr. Lau in his Counterclaims. The use of these headings and terms is not an admission of any of the allegations or characterizations in the Counterclaims, whether express or implied, all of which are denied except as expressly admitted.

SMRH:4935-6231-1437

Case No. 5:24-cv-01940-SSS-SHK
ANSWER TO COUNTERCLAIMS

15.     The AICPA admits only that Mr. Lau has passed three sections of the CPA Exam. The AICPA lacks sufficient information to admit or deny the remaining allegations of this paragraph of the Counterclaims and therefore denies them.

16.     The AICPA admits only that there have been at least 25 instances in which Mr. Lau sat for a section of the CPA Exam. The AICPA lacks sufficient information to admit or deny the remaining allegations of this paragraph of the Counterclaims and therefore denies them.

17.     The AICPA only admits that some of the questions of exams Mr. Lau sat for in the past have since been retired. The AICPA lacks sufficient information to admit or deny the remaining allegations of this paragraph of the Counterclaims and therefore denies them.

18.     The AICPA lacks sufficient information to admit or deny the allegations of this paragraph concerning Mr. Lau's understanding of the AICPA's allegations and therefore denies them. The AICPA denies the remaining allegations of this paragraph of the Counterclaims.

19.     The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

## Online Study Groups for the CPA Exam

20.     The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

21.     The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

22.     The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

23.     The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

24. The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

25. The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

26. The AICPA does not understand specifically what Lau means by his assertions in this paragraph and his use of terms, including, among others, "studying communications," and to the extent it understands the allegations, AICPA lacks sufficient information to admit or deny the allegations, and therefore denies the allegations. The AICPA specifically denies that it has never taken effective action against violations of its NDA and intellectual property rights of which it is aware.

27. The AICPA admits only that it has never previously filed a federal lawsuit regarding posts by others that may have been too specific and were flagged as problematic before being altered and/or removed. The AICPA lacks sufficient information to admit or deny the remaining allegations of this paragraph of the Counterclaims and therefore denies them.

28. The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

29. The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

30. The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

31. The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

32. The AICPA admits only that in late November 2023 Mr. Lau made a post in the Reddit study group forum. This "Reddit Post" speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. The AICPA lacks sufficient information to

SMRH:4935-6231-1437

admit or deny the remaining allegations of this paragraph of the Counterclaims and therefore denies them.

33.    The AICPA admits only that in late November 2023, Mr. Lau made a post in the Reddit study group forum. This "Reddit Post" speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. The AICPA lacks sufficient information to admit or deny the remaining allegations of this paragraph of the Counterclaims and therefore denies them.

34.    The AICPA admits only that in late November 2023, Mr. Lau made a post in the Reddit study group forum. This "Reddit Post" speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. The AICPA lacks sufficient information to admit or deny the remaining allegations of this paragraph of the Counterclaims and therefore denies them.

35.    The AICPA admits only that at all times relevant, it has been aware of California's Anti-SLAPP statute. The AICPA denies the remaining allegations of this paragraph of the Counterclaims.

36.    Denied.

37.    Denied.

38.    Denied.

39.    The AICPA admits only that in early February 2024, Mr. Lau made posts in a Discord study group that are the subjects of this lawsuit. These posts speak for themselves with regard to their contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith.

40.    Denied.

41.    Denied.

Case No. 5:24-cv-01940-SSS-SHK
ANSWER TO COUNTERCLAIMS

42.   The AICPA admits only that it did not contact Mr. Lau about his Discord posts. The AICPA denies the remaining allegations of this paragraph of the Counterclaims.

43.   The AICPA admits only that it did not contact Mr. Lau about his Reddit posts. The AICPA denies the remaining allegations of this paragraph of the Counterclaims.

44.   The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

45.   The AICPA admits only that that a DMCA take down notice it submitted was successful in having Mr. Lau's posts removed. The AICPA denies the remaining allegations of this paragraph of the Counterclaims.

46.   The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

47.   The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

48.   The AICPA denies that it did not conduct a good faith fair use analysis of Mr. Lau's posts before sending its DMCA takedown notices related to Mr. Lau's copyright-infringing post. The remaining allegations in this paragraph of the Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, the AICPA denies the allegations in this paragraph of the Counterclaims.

49.   Denied.

50.   Denied.


## CPA Licensure and Testing in California

51.   The allegations in this paragraph of the Counterclaims state a legal conclusion to which no response is required.

52.     The CBA's mission speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

53.     The CBA's website speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. The AICPA denies the remaining allegations of this paragraph of the Counterclaims.

54.     The CBA's website and infographic speak for themselves with regard to their contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. The AICPA denies the remaining allegations of this paragraph of the Counterclaims.

55.     The AICPA admits only that the National Association of State Boards of Accountancy is referred to as "NASBA." The CBA's infographic and NASBA's websites speak for themselves with regard to their contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. The AICPA denies the remaining allegations of this paragraph of the Counterclaims.

56.     The alleged screenshot of NASBA's payment portal for California speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith.

57.     The NASBA payment portal speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. The AICPA denies the remaining allegations of this paragraph of the Counterclaims.

58.     The allegations in this paragraph of the Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, the AICPA denies the allegations in this paragraph of the Counterclaims.

59.    The NASBA ToS speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. The AICPA denies the remaining allegations of this paragraph of the Counterclaims.

60.    The NASBA ToS speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. The AICPA denies the remaining allegations of this paragraph of the Counterclaims.

61.    The NASBA ToS speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. The AICPA denies the remaining allegations of this paragraph of the Counterclaims.

62.    The NASBA ToS speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. The AICPA denies the remaining allegations of this paragraph of the Counterclaims.

63.    The NASBA ToS and the NASBA Payment portal speak for themselves with regard to their contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith.

64.    The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

65.    The NASBA website speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. The AICPA lacks sufficient information to admit or deny the remaining allegations of this paragraph of the Counterclaims and therefore denies them.

66.    The Prometric website speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent

therewith. The AICPA denies the remaining allegations of this paragraph of the Counterclaims.

67.    Denied.

68.    The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

73.    The Prometric scheduling website speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith.

74.    The webpage available at the URL: "https://www.aicpa-cima.com/news/download/uniform-cpa-examination-conduct-and-non-disclosure-agreement" speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith.

75.    The PDF document that is downloadable from "https://www.aicpa-cima.com/news/download/uniform-cpa-examination-conductand-non-disclosure-agreement" (AICPA Downloadable NDA) speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. The AICPA admits that a user does not have to download the PDF to complete the scheduling process. The remaining allegations of this paragraph of the Counterclaims are denied.

76.    The webpage available at the URL: "https://www.aicpa-cima.com/news/download/uniform-cpa-examination-conduct-and-non-disclosure-agreement" speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith.

77.     The AICPA ToS speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. The AICPA denies the remaining allegations of this paragraph of the Counterclaims.

78.     The AICPA ToS speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith.

79.     Section 2.2 of the AICPA ToS speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith.

80.     Section 2.7 of the AICPA ToS speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith.

81.     Section 6.1 of the AICPA ToS speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. The AICPA denies the remaining allegations of this paragraph of the Counterclaims.

82.     Section 6.2 of the AICPA ToS speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. The AICPA denies the remaining allegations of this paragraph of the Counterclaims.

83.     Section 8.2 of the AICPA ToS speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith.

84.     Section 8.5 of the AICPA ToS speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith.

85.    Section 9.1 of the AICPA ToS speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith.

86.    Section 9.2 of the AICPA ToS speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith.

87.    Section 9.4 of the AICPA ToS speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith.

88.    Section 10.3 of the AICPA ToS speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith.

89.    The AICPA admits only that the Prometric scheduling flow does not require a candidate to actually visit any AICPA URL in order to complete scheduling and that users are directed to the Prometric URL https://proscheduler.prometric.com/home, which provides access to Prometric's "Pro Scheduler" tool. The user interface for the Pro Scheduler tools speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. The AICPA denies the remaining allegations of this paragraph of the Counterclaims.

90.    The Pro Scheduler tool URL speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith.

91.    The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims concerning Mr. Lau's recollection and therefore denies them. The AICPA denies that Mr. Lau was not required to affirmatively assent to the terms of The Uniform CPA Examination Conduct and

Non-Disclosure Agreement as part of scheduling the CPA Exam sections he took on November 25, 2023 and February 3, 2024.

92.    The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

93.    The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims concerning Mr. Lau's recollection, and therefore denies them. The AICPA denies that the terms of the Uniform CPA Examination Conduct and Non-Disclosure Agreement that Mr. Lau assented to when scheduling "his relevant examinations" are different from the AICPA's downloadable NDA agreement and also from the document attached to the AICPA's Complaint. The AICPA admits only that, as of the date of the filing of Mr. Lau's Counterclaims, The Uniform CPA Examination Conduct and Non-Disclosure Agreement presented during the Prometric scheduling flow contained the statement that: "The Uniform CPA Exam contains trade secrets or otherwise confidential information owned by the AICPA. Access to and use of this information is strictly limited and controlled by the AICPA. The content and nature of the Uniform CPA Exam may not be captured digitally, copied, including by memorization, distributed, or otherwise disclosed, and may not be used in any way not expressly authorized by the AICPA" and referred to "NASBA's CPA Exam Candidate Guide" in place of "the Candidate Bulletin," which is the former name of what is now called "NASBA's CPA Exam Candidate Guide." The AICPA denies the remaining allegations of the paragraph of the Counterclaims.

94.    The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims, and therefore denies them.

95.    The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims, and therefore denies them.

Case No. 5:24-cv-01940-SSS-SHK
ANSWER TO COUNTERCLAIMS

96.     The allegations in this paragraph of the Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, the AICPA denies the allegations in this paragraph of the Counterclaims.

97.     The allegations in this paragraph of the Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, the AICPA denies the allegations in this paragraph of the Counterclaims.

98.     The allegations in this paragraph of the Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, the AICPA denies the allegations in this paragraph of the Counterclaims.

### **AICPA's [alleged] Sham Federal Claims**

99.   Denied.

100.   Denied.

101.   Denied.

102.   The AICPA's complaint speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. Except as expressly admitted, the AICPA denies any other allegations made or implied by this paragraph of the Counterclaims.

103.   Denied.

104.   Denied.

105.   Denied.

106.   Denied.

107.   Denied.

### **FIRST CLAIM FOR RELIEF**

### **(Declaratory Judgement of Non-Infringement of Copyright**

108.   The AICPA incorporates by reference its responses to Paragraphs 1-107, set forth above, as if fully stated herein.

-15-

109.  Admitted.

110.  Admitted.

111.  Denied.

112.  Denied.

113.  Denied.

114.  Denied.

115.  Denied.

116.  Denied.

117.  Denied.

118.  Denied.

119.  Denied.

**[Allegations that] No Substantial Similarity if Factually or Legally Possible**

120.  Denied.

121.  Denied.

122.  Denied.

123.  The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims concerning Mr. Lau's understanding, and therefore denies them.

124.  Denied.

125.  Denied.

126.  The allegations in this paragraph of the Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, the AICPA denies the allegations in this paragraph of the Counterclaims.

127.  Denied.

128.  The AICPA's complaint speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. Except as expressly admitted, the AICPA denies any other allegations made or implied by this paragraph of the Counterclaims.

-16-

129.   The allegations in this paragraph of the Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, the AICPA denies the allegations in this paragraph of the Counterclaims.

130.   Denied.

131.   Denied,

132.   The allegations in this paragraph of the Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, the AICPA denies the allegations in this paragraph of the Counterclaims.

133.   Denied.

134.   The allegations in this paragraph of the Counterclaims state a legal conclusion to which no response is required. To the extent a response is required, the AICPA denies the allegations in this paragraph of the Counterclaims.

135.   Denied.

136.   Denied.

**[Allegations of] Sham Pleading Tactics**

137.   Denied.

138.   Denied.

139.   The AICPA's asserted registration speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. Except as expressly admitted, the AICPA denies any other allegations made or implied by this paragraph of the Counterclaims.

140.   The AICPA admits only that the Exam Content the Complaint alleges Mr. Lau infringed and misappropriated came from a February 2024 ISC exam section and a November 2023 REG exam section. The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims concerning what Mr. Lau knows, thinks he knows, believes, or thinks he will show and therefore denies them. The AICPA denies the remaining allegations of this paragraph of the Counterclaims.

-17-

141.   The AICPA's complaint speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. Except as expressly admitted, the AICPA denies any other allegations made or implied by this paragraph of the Counterclaims.

142.   The AICPA's complaint speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. Except as expressly admitted, the AICPA denies any other allegations made or implied by this paragraph of the Counterclaims.

143.   Denied.

144.   Denied.

145.   Denied.

146.   The allegations in this paragraph of the Counterclaims state legal conclusions to which no response is required. To the extent a response is required, the AICPA denies the allegations in this paragraph of the Counterclaims.

147.   The AICPA denies that it lacks standing to bring its claims. The remaining allegations in this paragraph of the Counterclaims state legal conclusions to which no response is required. To the extent a response is required, the AICPA denies the allegations in this paragraph of the Counterclaims.

148.   The allegations in this paragraph of the Counterclaims state legal conclusions to which no response is required. To the extent a response is required, the AICPA denies the allegations in this paragraph of the Counterclaims.

149.   The allegations in this paragraph of the Counterclaims state legal conclusions to which no response is required. To the extent a response is required, the AICPA denies the allegations in this paragraph of the Counterclaims.

**[Allegations of] Failure to Conduct Fair Use Analysis**

150.   The AICPA denies that Mr. Lau's infringement is protected by the doctrine of fair use. The remaining allegations in this paragraph of the Counterclaims state legal conclusions to which no response is required. To the

extent a response is required, the AICPA denies the allegations in this paragraph of the Counterclaims.

151.    Denied.

152.    The AICPA denies that the purpose and character of Mr. Lau's infringing posts were academic, critical, scholarly, or generally for purposes of study. The remaining allegations in this paragraph of the Counterclaims state legal conclusions to which no response is required. To the extent a response is required, the AICPA denies the allegations in this paragraph of the Counterclaims.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    The allegations in this paragraph of the Counterclaims state legal conclusions to which no response is required. To the extent a response is required, the AICPA denies the allegations in this paragraph of the Counterclaims.

159.    The allegations in this paragraph of the Counterclaims state legal conclusions to which no response is required. To the extent a response is required, the AICPA denies the allegations in this paragraph of the Counterclaims.

160.    Denied.

161.    Denied.

162.    Denied.

## SECOND CLAIM FOR RELIEF

## (Declaratory Judgement of No Trade Secret Misappropriation

163.    The AICPA incorporates by reference its responses to Paragraphs 1-162, set forth above, as if fully stated herein.

164.    Admitted.

-19-

165. Admitted.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

**[Allegations of] Sham Pleading Tactics**

172. Denied.

173. Denied.

174. The AICPA's complaint speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. Except as expressly admitted, the AICPA denies any other allegations made or implied by this paragraph of the Counterclaims.

175. Denied.

176. The AICPA's complaint speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. Except as expressly admitted, the AICPA denies any other allegations made or implied by this paragraph of the Counterclaims.

177. Denied.

178. Denied on information and belief.

**[Allegations of] No Secrecy**

179. Denied.

180. The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

181. The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

182.    The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

183.    The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

184.    The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

185.    The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

186.    The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

187.    Denied.

188.    Denied.

189.    Denied.

190.    The referenced BEC Exam Blueprint speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. Except as expressly admitted, the AICPA denies any other allegations made or implied by this paragraph of the Counterclaims.

191.    The referenced BEC Exam Blueprint speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. Except as expressly admitted, the AICPA denies any other allegations made or implied by this paragraph of the Counterclaims.

192.    The referenced Exam Blueprint speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization inconsistent therewith. Except as expressly admitted, the AICPA denies any other allegations made or implied by this paragraph of the Counterclaims.

193.    The referenced Exam Blueprint speaks for itself with regard to its contents, and the AICPA denies any interpretation, meaning, or characterization

SMRH:4935-6231-1437

1  inconsistent therewith. Except as expressly admitted, the AICPA denies any other

2  allegations made or implied by this paragraph of the Counterclaims.

3      194.   The referenced Exam Blueprint speaks for itself with regard to its

4  contents, and the AICPA denies any interpretation, meaning, or characterization

5  inconsistent therewith. Except as expressly admitted, the AICPA denies any other

6  allegations made or implied by this paragraph of the Counterclaims.

7      195.   The referenced BEC Exam Blueprint speaks for itself with regard to its

8  contents, and the AICPA denies any interpretation, meaning, or characterization

9  inconsistent therewith. Except as expressly admitted, the AICPA denies any other

10  allegations made or implied by this paragraph of the Counterclaims.

11      196.   Admitted.

12      197.   Denied.

13      198.   Admitted.

14      199.   Admitted.

15      200.   Admitted.

16      201.   Admitted.

17      202.   Admitted.

18      203.   Admitted.

19      204.   Admitted.

20      205.   Admitted.

21      206.   Admitted.

22      207.   The AICPA lacks sufficient information to admit or deny the

23  allegations of this paragraph of the Counterclaims concerning what Mr. Lau believes

24  and therefore denies them. The AICPA denies the remaining allegations of this

25  paragraph of the Counterclaims.

26      208.   The AICPA lacks sufficient information to admit or deny the

27  allegations of this paragraph of the Counterclaims concerning what Mr. Lau believes

28

1  and therefore denies them. The AICPA denies the remaining allegations of this

2  paragraph of the Counterclaims.

3      209.   Denied.

4  **[Allegations of] No Value Because of Secrecy**

5      210.   Denied.

6      211.   The AICPA admits that it licenses and monetizes retired exam content

7  to assist in Exam preparation.

8      212.   Denied.

9      213.   Denied.

10     214.   The referenced info graphic speaks for itself with regard to its contents,

11  and the AICPA denies any interpretation, meaning, or characterization inconsistent

12  therewith. Except as expressly admitted, the AICPA denies any other allegations

13  made or implied by this paragraph of the Counterclaims.

14     215.   Denied.

15     216.   Denied.

16     217.   The AICPA's complaint speaks for itself with regard to its contents,

17  and the AICPA denies any interpretation, meaning, or characterization inconsistent

18  therewith. Except as expressly admitted, the AICPA denies any other allegations

19  made or implied by this paragraph of the Counterclaims.

20     218.   The AICPA admits only that there have been at least 25 instances in

21  which Mr. Lau sat for a section of the CPA Exam. The AICPA lacks sufficient

22  information to admit or deny the remaining allegations of this paragraph of the

23  Counterclaims and therefore denies them.

24     219.   The AICPA lacks sufficient information to admit or deny the

25  allegations of this paragraph of the Counterclaims and therefore denies them.

26     220.   The AICPA lacks sufficient information to admit or deny the

27  allegations of this paragraph of the Counterclaims and therefore denies them. The

28  AICPA denies the remaining allegations of this paragraph of the Counterclaims.

221.  Denied.

222.  Denied.

**[Allegations of] No Value Because of Secrecy**

223.  The AICPA admits only that Mr. Lau acquired the AICPA's Trade Secrets subject to The Uniform CPA Examination Conduct and Non-Disclosure Agreement. The AICPA denies the remaining allegations of this paragraph of the Counterclaims.

224.  Denied.

225.  The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims concerning what Mr. Lau believes and therefore denies them. The AICPA denies the remaining allegations of this paragraph of the Counterclaims.


### THIRD CLAIM FOR RELIEF

### (Declaratory Judgement of No Breach or Damages

226.  The AICPA incorporates by reference its responses to Paragraphs 1-225, set forth above, as if fully stated herein.

227.  Admitted.

228.  Admitted.

229.  Denied.

230.  Denied.

231.  Denied.

232.  Denied.

233.  Denied.

234.  Denied.

235.  Denied.

236.  Denied.

SMRH:4935-6231-1437

237.    The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

238.    Denied.

239.    Denied.

240.    Denied.

241.    Denied

242.    The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims concerning what contracts of his he interfered with, who paid money for him to take a test, and what their motivations were and therefore denies such allegations. The AICPA denies the remaining allegations of this paragraph of the Counterclaims.

243.    Denied.

244.    The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

245.    The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

246.    The AICPA admits that Mr. Lau sat for the FAR exam section. The AICPA lacks sufficient information to admit or deny the remaining allegations of this paragraph of the Counterclaims and therefore denies them.

247.    Admitted.

248.    Admitted.

249.    The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

250.    The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

251.    The AICPA lacks sufficient information to admit or deny the allegations of this paragraph of the Counterclaims and therefore denies them.

252.    Denied.

253.   Denied.

254.   Denied.

## **PRAYER FOR RELIEF**

The AICPA denies that Mr. Lau is entitled to any relief.

## **AFFIRMATIVE DEFENSES**

As separate and distinct affirmative defenses to the Counterclaimant's allegations, the AICPA alleges as follows:

## **FIRST AFFIRMATIVE DEFENSE**

### **(Sham Pleading)**

The Counterclaims are barred in whole or in part, because they constitute a sham pleading that seeks adjudication of the same legal principles underlying the Complaint and Mr. Lau's asserted defenses. Because the Counterclaims merely re-assert issues that are already before the Court on the AICPA's Complaint, the Counterclaims are subject to dismissal because giving a defendant control over a plaintiff's suit enables the defendant to resist any attempt on the part of the plaintiff to dismiss such suit, and to compel its trial, which, in the absence of direct provisions to the contrary in the equity rules or commanding general equity principles sanctioning such procedure, amounts to a denial of due process.

## **SECOND AFFIRMATIVE DEFENSE**

### **(Lack of Standing)**

In addition to being a sham pleading, the Counterclaims are barred, in whole or in part, because Mr. Lau's purported injury now lies entirely in the past. Under these circumstances, Mr. Lau lacks standing to seek a declaratory judgment. Mr. Lau's only purported basis for injury is the AICPA filing this lawsuit against him, which occurred prior to the filing of the Counterclaims. Thus, Mr. Lau's Counterclaims do not deter any future conduct. Consequently, Mr. Lau lacks standing under the Declaratory Judgment Act.

Case No. 5:24-cv-01940-SSS-SHK
ANSWER TO COUNTERCLAIMS

## THIRD AFFIRMATIVE DEFENSE

### (No Fair Use)

The Counterclaim for Declaratory Judgment for Non-Infringement of Copyright is barred, in whole or in part, because Mr. Lau is not entitled to a finding that his conduct is a protected fair use under 17 U.S.C. § 107. The infringed work is a secure test item, an important type of copyrighted work that Congress and federal courts have recognized is both especially vulnerable to unauthorized disclosure and entitled to very strong protection, which should not be limited by fair use. Here, the unpublished, secret nature of the infringed secure test item, granted such protection in order to promote the progress of knowledge through education and testing, weighs heavily against a finding of fair use in favor of Mr. Lau who sought to destroy the value of the copyrighted work.

## FOURTH AFFIRMATIVE DEFENSE

### (No Copyright Misuse)

The Counterclaim for Declaratory Judgment for Non-Infringement of Copyright is barred, in whole or in part, because Defendant is not entitled to a finding that the AICPA has misused its copyrights. Copyright misuse prevents copyright holders from leveraging their limited monopoly to allow them control of areas outside the monopoly. The Counterclaims do not contend that the AICPA has somehow tried to leverage its copyrights in Exam Content in areas outside that limited monopoly. Instead, the Counterclaims simply contend that the AICPA lacks a valid copyright in the Exam Content. This is not copyright misuse.

## FIFTH AFFIRMATIVE DEFENSE

### (No *De Minimis* Copying)

The Counterclaim for Declaratory Judgment for Non-Infringement of Copyright is barred, in whole or in part, because Mr. Lau is not entitled to a finding that Mr. Lau's copyright infringement was *de minimis*. The AICPA claims copyright infringement based on Defendant posting an near-exact reproduction of an ISC

-27-

multiple choice question along with the related answer choices. Mr. Lau claims any copying was *de minimis* because it was only one question of a group of secure test items. This is incorrect. The Registered Work is a secure test item part of a group registration. Secure test items, which are "comprised of a question (or 'stem'), the correct answer to that question, any incorrect answer choices (or 'distractors'), and any associated material, such as a narrative passage or diagram," are considered independent works subject to copyright protection. 37 C.F.R. § 202.13. Mr. Lau's copying is not *de minimis* copying of a work; it is a virtually exact reproduction of an *entire* work.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Counterclaims are barred, in whole or in part, because Mr. Lau, through his conduct, recognized, acknowledged, and agreed that the AICPA's asserted copyright rights and trade secret rights in the Exam Content are valid. In doing so, Mr. Lau induced the AICPA to provide him with access to the AICPA's protected Exam Content. Mr. Lau acknowledged that "Exam Content is the exclusive, confidential, and proprietary property of the AICPA, and is protected from unauthorized disclosure and use by the terms of [the NDAs] and by federal, state, and international intellectual property laws, including but not limited to copyright and trade secret laws." Having done so and entering into the NDAs to obtain access to the AICPA's Exam Content, Mr. Lau is estopped from claiming that the AICPA's copyrights and trade secret rights in the Exam Content are not valid in response to the AICPA's copyright infringement and trade secret misappropriate claims, and that no contract existed.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Damages)

The Counterclaims are barred, in whole or in part, because they purport to assert that the AICPA breached some contract with Mr. Lau but do not plead the

1  AICPA has caused Defendant any damage. Damages are a required element of a
2  claim under California law asserting a contractual breach.

### EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

The Counterclaims are barred, in whole or in part, because the AICPA did not engage in bad faith, willful, wanton, or reckless conduct toward Mr. Lau. All the AICPA's actions were taken without malice, ill will, or any conscious disregard for the interests of Mr. Lau. The AICPA is responsible for maintaining the integrity and security of the CPA Exam and protect its intellectual property rights in Exam Content. Mr. Lau is not entitled to any declaratory judgment that the AICPA raised frivolous claims against him.

### NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Counterclaims are barred, in whole or in part, because Mr. Lau's conduct renders a judgment in his favor inequitable. Despite agreeing in the NDAs that he would not reproduce Exam Content, that he would not publish, distribute, or transmit it including on the Internet, and that he would not communicate about Exam Content, Mr. Lau did so. Indeed, Mr. posted a virtually exact reproduction of both the content of an ISC multiple choice question along with the related answer choices. It would be inequitable to enter judgment in Mr. Lau's favor in light of this wrongful conduct.

### TENTH AFFIRMATIVE DEFENSE

### (Bad Faith)

The Counterclaims are barred, in whole or in part, because each counterclaim for relief has always been and continues to be frivolous, unreasonable, and groundless.

-29-

SMRH:4935-6231-1437

## ELEVENTH AFFIRMATIVE DEFENSE

### (Equities in Favor of Defendants)

The Counterclaims are barred, in whole or in part because the equities weigh in favor of the AICPA and against Mr. Lau. The AICPA seeks to maintain the Uniform CPA Exam's equal playing field and Mr. Lau seeks to use his claims to avoid responsibility for violating his obligations to the AICPA and, in doing so, compromising the security and integrity of the Uniform CPA Exam.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages and Attorneys' Fees)

Mr. Lau is not entitled to any damages or attorneys' fees. The Counterclaims fail to plead any damages caused by the AICPA. Mr. Lau failed to mitigate any attorneys' fees incurred, especially due to his excessive and improper pleading in response to the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

The Counterclaims are barred, in whole or in part, because any damage to Mr. Lau referenced in the Counterclaims is speculative and is not part of his legal claims.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Superseding and Intervening Acts)

The Counterclaims are barred, in whole or in part, because any damage caused to Mr. Lau was caused by his own conduct in violating the AICPA's copyright, trade secret, and contract rights in the Exam Content and for breaching his NDA with the AICPA.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Uncertainty)

The Counterclaims fail plead the purported facts, if any with sufficient specificity for the AICPA to validly respond. The Counterclaims instead largely

-30-

consist of Mr. Lau's speculations and legal positions. These allegations are so vague, ambiguous, and uncertain that it is impossible to ascertain all the material aspects of the purported Counterclaims for relief against the AICPA.

<u>**SIXTEENTH AFFIRMATIVE DEFENSE**</u>

**(Failure to State a Claim)**

Mr. Lau's purported Counterclaims fail to state a counterclaim upon which relief can be granted.

<u>**RESERVATION OF AFFIRMATIVE DEFENSES**</u>

The AICPA reserves all affirmative defenses under rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may be available now or that may become available in the future, based on discovery or other factual investigation of this case.


Dated:  January 6, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By _____
              */s/ Tenaya Rodewald*
              TENAYA RODEWALD
              KAZIM A. NAQVI
              Attorneys for Plaintiff
         AMERICAN INSTITUTE OF CERTIFIED
              PUBLIC ACCOUNTANTS