[1]UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:24-cv-01940-SSS-SHKx | Date | April 8, 2025 |
|---|---|---|---|
| Title | *American Institute of Certified Public Accountants v. Stephen Lau* | | |

| Present: The Honorable | SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE |
|---|---|

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING DEFENDANT'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER [DKT. 52]**

Defendant and Cross-Complainant Stephen Lau applies ex parte for a temporary restraining order ("TRO") for Plaintiff and Cross-Defendant the American Institute of Certified Public Accountants (AICPA) to release his score from a September 2024 sitting of the FAR exam.  [Dkt. 52, "TRO App."].  AICPA opposed the application.  [Dkt. 55].  Having reviewed Lau's arguments and the parties' exhibits, his ex parte application is **DENIED**.

Lau has not met his burden for the Court to award ex parte relief.  Ex parte relief is only justified on a showing (1) "that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and (2) "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result

---

[1] The Court is also concerned that Lau has delayed seeking preliminary relief.  He filed his counterclaims in December 2024 but brought this application almost four months later.  [Dkt. 28; TRO App.].  Lau must show that he is without fault in creating the emergency timeline on which he asks the Court to act.

of excusable neglect." *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  Without deciding whether the withholding of Lau's score constitutes irreparable harm, the earliest date that Lau states he would be harmed is June 30, 2025.  [Dkt. 52-3, "Lau Decl." ¶ 7].  Lau vaguely gestures to the challenges in preparing for the exam were he to have failed the September 2024 exam and need to retake a FAR exam before the end of June, but the Court sees no reason why Lau could not prepare for the exam while his motion is ruled on following regularly-noticed motion procedures.  Similarly, Lau suggests he may not be able to reschedule a FAR exam before June 30, 2025 were he to have failed the September 2024 exam.  Lau, though, does not present any information about how the test is scheduled and what the last date at which he would no longer be able to schedule a valid test.  The Court is bereft of any evidence from Lau that would justify relief before June 30, 2025, which is well within the time for Lau to bring a regularly-noticed motion for preliminary relief.

Accordingly, the ex parte application is **DENIED** for failure to show such relief is justified.

**IT IS SO ORDERED.**