ROBERT L. URIARTE (SBN 258274)
ruriarte@orrick.com
AVERY CARTWRIGHT (SBN 354724)
acartwright@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Avenue
Los Angeles, CA 90071
Telephone: +1 213 629 2020
Facsimile: +1 213 612 2499

CHARLES WEINER (*Pro Hac Vice*)
charles@charlesweinerlaw.com
LAW OFFICE OF CHARLES WEINER
99 Lantern Drive, Suite 202
Doylestown, PA 18901
Telephone: + 1 267-685-6311
Facsimile: +1 215-340-768

Attorneys for Defendant/Cross-Complainant
STEPHEN LAU

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

| | |
|---|---|
| AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS,<br><br>    Plaintiff,<br><br>    v.<br><br>STEPHEN LAU,<br><br>    Defendant. | Case No. 5:24-cv-01940-SSS-SHKx<br><br>**DECLARATION OF ROBERT L. URIARTE RE: REPLY IN SUPPORT OF MR. LAU'S MOTION FOR PRELIMINARY INJUNCTION** |
| STEPHEN LAU,<br><br>    Cross-Complainant,<br><br>    v.<br><br>AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS,<br><br>    Cross-Defendant, | |

I, Robert L. Uriarte, declare as follows:

1.      I am over the age of 18 and make this declaration based on my personal knowledge, except for facts stated on information and belief, which I believe to be true.  I could and would testify competently to the facts stated in this declaration if called as a witness.

2.      I am counsel of record for Stephen Lau in this case. Prior to March 18, 2025, I was the only attorney representing Mr. Lau in this matter. At all times relevant, there have been several other cases beside Mr. Lau's that I have been responsible for as lead counsel. For example, I am lead counsel for Microsoft in a case styled *Microsoft v. Yadegarnia et al.*, currently pending in the U.S. District Court for the Eastern District of Virginia, Case No.: 1-24-cv-2323. During the week of December 16, 2024, I traveled to Alexandria, Virginia in connection with an emergency *ex parte* proceeding in that case. I returned to my home in Altadena, California a few days before Christmas Eve. On January 7, 2025, my family had to evacuate our home a few minutes after the start of the Eaton Fire. We learned on January 8 that we lost our home and all of our belongings in the fire. On January 9, 2025, I traveled again to Alexandria for preliminary injunction proceedings in *Microsoft v. Yadegarnia* and returned to California on in the early morning hours of January 11, 2025.

3.      Throughout January and February 2025, my family had a hard time finding stable housing due to the impact of the Eaton Fire on our community, and we had to relocate several times, staying in various hotels, an AirBnB, and with family. During this period of time, in addition to dealing with FEMA, insurance companies, loan providers, and various other issues related the Eaton Fire, I also continued my work on the *Yadegarnia* matter, Mr. Lau's matter (*see* Dkt. 30-Dkt. 40), and cases for several other clients cases, including preparing for and attending mediation in a case styled *Rhode Island Department of Education v. EMS LINQ LLC et al.*, Rhode Island Superior Court Case No. PC-2024-04250, in which I also serve as lead

DECL. OF ROBERT L. URIARTE RE REPLY
ISO PRELIMINARY INJUNCTION MOTION
CASE NO. 5:24-CV-01940-SSS-SHKx

counsel, and preparing for March depositions in a series of cases between the Federal Trade Commission and other plaintiffs against Amazon, in which I serve as lead counsel for non-party eBay, Inc. On March 1, 2025, my family was finally able to secure an apartment close to my kids' school. On March 8, 2025, I had to leave Los Angeles for Athens, Greece on business and did not return to Los Angeles until March 15. On March 16, I had to leave Los Angeles again to prepare for and defend depositions in the eBay matter in the San Francisco Bay Area. I returned home from the Bay in the early morning hours of Friday, March 21.

4. On Monday, March 24, I emailed AICPA's counsel to request a meet and confer regarding Mr. Lau's intent to seek injunctive relief regarding withholding of his exam scores. AICPA put me off until March 28. During our March 28 meet and confer, AICPA refused my repeated requests for a yes or no answer about whether Mr. Lau achieved a passing score for the September 2024 FAR exam, even though I explained that such information could help streamline Mr. Lau's motion and potentially obviate the need for *ex parte* relief. Accordingly, Mr. Lau moved for *ex parte* relief on April 2, 2025. To the extent the Court believes Mr. Lau should have moved for injunctive relief sooner than he did, any perceived delay should not be attributed to Mr. Lau and should not be viewed as evidence that Mr. Lau is not being harmed. *See, e.g., TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 698 (9th Cir. 2001) (in the Rule 60 context, noting that filing delays due to occurrences like counsel's family emergency, international travel, moving homes, and other exigent circumstances are not "culpable" conduct in assessing a party's diligence); *see also Charlesbank Equity Fund II, Ltd. P'ship v. Blinds To Go, Inc.*, 370 F.3d 151, 163 (1st Cir. 2004) ("delay between the institution of an action and the filing of a motion for preliminary injunction, *not attributable to intervening events*, detracts from the movant's claim of irreparable harm") (emphasis added, citation omitted); *Saint Laurie, Ltd. v. Yves Saint Laurent Am., Inc.*, 2014 U.S. Dist. LEXIS 143441, at *13 (S.D.N.Y. Sep. 30, 2014) ("the five to seven week delay that is not attributable to

DECL. OF ROBERT L. URIARTE RE REPLY
ISO PRELIMINARY INJUNCTION MOTION
CASE No. 5:24-CV-01940-SSS-SHKx

[settlement] discussions is not so long as to be inexcusable."). Since the outset of this case, Mr. Lau has worked diligently to defend himself and to gather evidence needed to protect his rights, despite AICPA's concealment of material information.

5.    Attached to the Supplemental Index of Exhibits as **Exhibit 39** is a true and correct copy of a document entitled "VOLUNTARY COMPLIANCE AGREEMENT BETWEEN THE UNITED STATES OF AMERICA AND THE AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS AND THE NATIONAL ASSOCIATION OF STATE BOARDS OF ACCOUNTANCY." I obtained this copy from the URL https://archive.ada.gov/cpa_exam_sa.html, which I located after some internet sleuthing inspired by AICPA's Opposition to Mr. Lau's Motion for Preliminary Injunction, Dkt. 77.

6.    I am informed and believe, based in part on my research into the top level domain (TDL) Registry for the ".gov" TDL, that https://archive.ada.gov/cpa_exam_sa.html is a website controlled and maintained by the United States Government. For example, the Registry's webpage https://get.gov/ states that ".gov is the top-level domain for governments in the U.S."  A banner at the top of https://get.gov/ website states that it is "An official website of the United States government" and a dropdown tab in that banner states: "The .gov means it's official."  A true and correct print out that I generated from https://get.gov/ is attached to the Supplemental Index of Exhibits as **Exhibit 40**.

7.    Attached to the Supplemental Index of Exhibits as **Exhibit 41** is a true and correct copy of a Press Release entitled "U.S. Attorney's Office Settles Disability Discrimination Allegations Related to the CPA Exam."  I obtained this document from the URL https://www.justice.gov/usao-ma/pr/us-attorney-s-office-settles-disability-discrimination-allegations-related-cpa-exam after further sleuthing after I discovered Exhibit 40. Based on the domain name and content of the webpage, I understand the webpage reflected in Exhibit 41 to be an official United States Department of Justice webpage and the Press Release to be an official government

- 4 -

publication by the Civil Rights Unit of the U.S. Attorney's Office and the United States Attorney's Office for the District of Massachusetts.

8. Attached to the Supplemental Index of Exhibits as **Exhibit 42** is a true and correct copy of a document AICPA produced in discovery on Wednesday, May 7, 2025 with the beginning Bates number AICPA0000224 and an apparent date of September 17, 2024. AICPA designated this document as CONFIDENTIAL under the Protective Order so that it cannot be publicly filed.

9. Attached to the Supplemental Index of Exhibits as **Exhibit 43** is a true and correct copy of a document AICPA produced in discovery on Wednesday, May 7, 2025 with the beginning Bates number AICPA0000284 and an apparent date of October 28, 2024. AICPA designated this document as CONFIDENTIAL under the Protective Order so that it cannot be publicly filed.

10. Attached to the Supplemental Index of Exhibits as **Exhibit 44** is a true and correct copy of a document AICPA produced in discovery on Wednesday, May 7, 2025 with the beginning Bates number AICPA0000286 and an apparent date of February 12, 2025. AICPA designated this document as CONFIDENTIAL under the Protective Order so that it cannot be publicly filed.

11. Attached to the Supplemental Index of Exhibits as **Exhibit 45** is a true and correct copy of a document AICPA produced in discovery on Wednesday, May 7, 2025 with the beginning Bates number AICPA0000307 and an apparent date of February 18, 2025. AICPA designated this document as CONFIDENTIAL under the Protective Order so that it cannot be publicly filed.

12. Attached to the Supplemental Index of Exhibits as **Exhibit 46** is a true and correct copy of a document AICPA produced in discovery on Wednesday, May 7, 2025 with the beginning Bates number AICPA0000277 and an apparent date of March 6, 2025. AICPA designated this document as CONFIDENTIAL under the Protective Order so that it cannot be publicly filed.

DECL. OF ROBERT L. URIARTE RE REPLY
ISO PRELIMINARY INJUNCTION MOTION
CASE NO. 5:24-CV-01940-SSS-SHKx

13.     On January 9, 2025, I emailed AICPA's counsel to schedule a Rule 26(f) conference. AICPA put me off until the following week.  On January 15, I followed up with counsel and sent a list of requests pursuant to Rule 26(a) and the Court's Standing Order, Dkt. 29 at 2, seeking low-hanging discovery fruit like "internal and external non-privileged communications regarding Mr. Lau," and "Complete copies of AICPA's agreements with the California Board of Accountancy, NASBA, and Prometric."   AICPA's counsel responded that he was "not inclined" to comply, notwithstanding the Court's clear guidance in Dkt. 29. Attached to the Supplemental Index of Exhibits as **Exhibit 47** is a true and correct copy of the email thread between counsel on this topic.

14.     Attached to the Supplemental Index of Exhibits as **Exhibit 48** is a true and correct copy of AICPA's response to Mr. Lau's January 31, 2025 Request for Production of Documents, Set One. AICPA did not serve any documents with its written response. Among other requests encompassing documents like Exhibit 39-45 above, RFP 12 seeks "all internal and external communications regarding Mr. Lau," RFP 25 seeks "Documents sufficient to show AICPA's policies and practices with respect to the Americans with Disabilities Act," and RFP 27 seeks "All communications from AICPA to third parties related to any attempt by AICPA to prevent a candidate from taking the Uniform CPA Exam for any period of time." AICPA's responses to these requests are excerpted below.

DECL. OF ROBERT L. URIARTE RE REPLY
ISO PRELIMINARY INJUNCTION MOTION
CASE NO. 5:24-CV-01940-SSS-SHKx

**REQUEST FOR PRODUCTION NO. 12:**

All internal and external communications regarding Mr. Lau.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above. The AICPA further objects that: (a) this request seeks information subject to the attorney-client privilege, the common interest privilege, the work product doctrine, or other privileges; (b) this request is overbroad and unduly burdensome in that it requests "[a]ll . . . communications regarding Mr. Lau," regardless if those claims have anything to do with this litigation, meaning the requests have no reasonable limitation of scope; and (c) that it contains no temporal restriction even though the conduct described in the complaint only began in 2023, while providing no explanation why any information prior to that time period is relevant or reasonably calculated to lead to relevant information.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to show AICPA's policies and practices with respect to the Americans with Disabilities Act.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above. The AICPA further objects that: (a) the phrase "sufficient to show" is vague, ambiguous, and subject to multiple interpretations in that "sufficient to show" is inherently subjective; (b) the phrase "policies and practices" is vague, ambiguous, and subject to multiple interpretations in that it is virtually impossible to determine the scope of responsive documents such that it effectively seeks any document in the AICPA's possession, custody, or control even remotely related to the American with Disabilities Act; and (c) this request solely relates to Mr. Lau's claim for discrimination under the Americans with Disabilities Act, for which the counterclaims fail to state a claim upon which relief can be granted.

DECL. OF ROBERT L. URIARTE RE REPLY
ISO PRELIMINARY INJUNCTION MOTION
CASE NO. 5:24-CV-01940-SSS-SHKx

**REQUEST FOR PRODUCTION NO. 27:**

All communications from AICPA to third parties related to any attempt by AICPA to prevent a candidate from taking the Uniform CPA Exam for any period of time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above. The AICPA further objects that: (a) this request is overly broad and unreasonable in scope in that it requests communications completely unrelated to the claims and defenses in this litigation; and (b) for the same reason, this requests seeks information that is neither relevant nor reasonably calculated to lead to relevant information. It is also patently overbroad, unduly burdensome, and not reasonably calculated to lead to discoverable information in that it is not limited to any reasonable or relevant time period.

15. On April 3, 2025, the day after AICPA served its RFP Responses, I served a Local Rule 37-1 letter and requested a meet and confer as soon as possible. AICPA's counsel put me off until April 11, 2025. Then, AICPA's counsel came to the April 11 meet and confer with no firm positions or compromises to offer, promising instead to get back to me the following week. AICPA did not make good on this promise. Instead, on Friday April 18, counsel emailed me to state that AICPA would provide on Monday, April 21 their positions on the issues raised in my April 3 letter.[1] Once again, AICPA failed to make good on its promise. On Wednesday, April 23, I wrote to counsel to ask them to please provide AICPAs positions on the issued I raised 20 days prior in my letter of April 3. On April 24, AICPA finally stated its positions and promised to produce requested documents during the week of April 28, 2025. Yet again, ACIAP failed to make good on its promise. On May 5,

---

[1] Also on April 18, AICPA produced its first production volume, consisting of only 32 documents that are not significant to the issues presented in Mr. Lau's request for injunctive relief.

2025, I emailed AICPA to ask where the promised production and supplemental interrogatory responses were. AICPA said documents would be produced on May 5 or May 6. They were not. Attached hereto as **Exhibit 49** is a true and correct copy of an email thread reflecting the communications described above.

16. On May 7, 2025, AICPA made a partial production of some of the materials discussed during our April 11 meet and confer. It appears that important documents remain missing from this production, including documents that appear to be directly relevant to the issues presented in Mr. Lau's motion for preliminary injunction like AICPA's contracts with NASBA and CBA and certain communications from CBA and NASBA to AICPA concerning Mr. Lau. All of these documents are responsive to numerous requests Mr. Lau has had pending with AICPA since January 2025.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief. Executed this 9th day of May, 2025 at Pasadena, California.

/s/ Robert L. Uriarte

_____

Robert L. Uriarte

DECL. OF ROBERT L. URIARTE RE REPLY
ISO PRELIMINARY INJUNCTION MOTION
CASE NO. 5:24-CV-01940-SSS-SHKx

MOTION FOR PRELIMINARY INJUNCTIVE RELIEF
CASE NO. 5:24-CV-01940-SSS-SHKx