# EXHIBIT 48

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
   Including Professional Corporations
TENAYA RODEWALD, Cal Bar No. 248563
trodewald@sheppardmullin.com
1540 El Camino Real Suite 120
Menlo Park, California 94025-4111
Telephone:  650.815.2600
Facsimile:   650.815.2601

KAZIM A. NAQVI, Cal. Bar No. 300438
knaqvi@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-7017
Telephone:   310.228.3700
Facsimile:   310.228.3701

PARKER POE ADAMS & BERNSTEIN LLP
CHRISTOPHER M. THOMAS (*admitted pro hac vice*)
christhomas@parkerpoe.com
ANDREW P. TABELING (*admitted pro hac vice*)
andytabeling@parkerpoe.com
301 Fayetteville Street, Suite 1400
Raleigh, North Carolina  27602-0389
Telephone:  (919) 835-4626
Facsimile:   (919) 834-4564

NICHOLAS H. LEE (*admitted pro hac vice*)
nicholaslee@parkerpoe.com
620 S. Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone: 704-335-9876
Facsimile: 704-334-4706

Attorneys   for   Plaintiff   and   Counter-
Defendant   AMERICAN   INSTITUTE   OF
CERTIFIED PUBLIC ACCOUNTANTS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN LAU,<br><br>Defendant. | Case No. 5:24-cv-01940-SSS-SHKx<br><br>**PLAINTIFF AND COUNTER-DEFENDANT AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS' RESPONSES AND OBJECTIONS TO DEFENDANT AND COUNTER-COMPLAINANT STEPHEN LAU'S FIRST SET OF REQUESTS FOR PRODUCTION** |

-1-

STEPHEN LAU,

        Counterclaimant,

    v.

AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS,

        Counter-Defendant.

PROPOUNDING PARTY:  Defendant/Counterclaimant, Stephen Lau

RESPONDING PARTY:    Plaintiff/Counter-Defendant, American Institute of Certified Public Accountants ("AICPA")

SET NO.:             One

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 34, Plaintiff/Counter-Defendant American Institute of Certified Public Accountants (**"AICPA"**) hereby provides its responses and objections to Defendant/Counterclaimant Stephen Lau's First Set of Requests for Production, as follows:

## **PRELIMINARY STATEMENT**

The following responses and objections have been prepared prior to the completion of the AICPA's investigation, discovery, and preparation for trial in this action.  The responses and objections are based only on information, facts, and documents currently available and known to the AICPA.  The AICPA reserves its right to make changes to the responses and objections if it appears that omissions or errors have been made in them, or that further and more accurate information, facts, and/or documents are available, but the AICPA is under no obligation to do so.  The AICPA also reserves its right to rely upon and/or introduce into evidence at trial or any pre-trial proceeding any additional information, facts, and/or documents.

The AICPA's responses and objections are for the purpose of discovery only, and are not an admission or acceptance that any response, fact, or document is relevant and/or admissible into evidence.  The AICPA reserves its right to object to the

-2-

admissibility of any response, fact, or document at the time of trial or any pre-trial proceeding.

### GENERAL OBJECTIONS

1.    **SCOPE:**  The AICPA objects to Defendant/Counterclaimant's first set of document requests to the extent they are: (a) vague, overly broad, oppressive, harassing or vexatious; (b) disproportionate to the needs of the case considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden or expense of the proposed discovery outweighs its likely benefit; and (c) seek information not within the AICPA's possession, custody, or control.

2.    **PRIVILEGE:**  The AICPA objects to the extent these requests call for information subject to the attorney-client privilege, the common interest privilege, the work product doctrine, or other privileges.  The AICPA will not provide such information.

3.    **NO WAIVER:**  The following responses are based on information presently available to and located by the AICPA.  The responses given herein are without prejudice to the AICPA's right to supplement, modify, or change responses and to produce evidence of additional facts.  No incidental or implied admissions are intended by the responses herein.  The AICPA reserves the right to object to the admission of any such responses on any ground.  The fact that the AICPA has answered part or all of any request is not intended to be, and shall not be construed to be, a waiver by the AICPA of any part of any objection to any request.

4.    **NO ADMISSION:**  The AICPA's responses are not an admission that any such requested information is relevant or admissible evidence.  The AICPA reserves the right to object to the admission of any such information on any grounds.

-3-

5.    **UNDULY BURDENSOME:**  The AICPA objects to these requests to the extent they seek to impose upon the AICPA burdens and expense that are not outweighed by the purported benefit of the proposed discovery.

6.    **CONFIDENTIAL INFORMATION:**  The AICPA objects to each request to the extent that it:  (a) seeks disclosure of information that would violate the privacy rights of individuals; or (b) seeks disclosure of confidential business or commercial information, trade secrets, or proprietary information, including financial information, of the AICPA or third parties absent an appropriate protective order.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.    The AICPA objects to Definition and Instruction No. 11 on the grounds that it is vague and ambiguous, unintelligible, and calls for speculations in its inclusions of all the terms "concerning," "referring to," "reflecting," "related to," "regarding," "pertaining to," "addressing," "discussing," "alluding to," "describing," "evidencing," "supporting," "favoring," opposing," bolstering," "detracting from," "indicating," "showing," "constituting," "analyzing," and "otherwise having any logical or factual connection with the subject matter addressed."

2.    The AICPA objects to Definition and Instruction No. 19 on the grounds that it is vague and ambiguous, unintelligible, calls for speculation, seeks information outside of the AICPA's possession, custody, and control, and does not appear in these requests.

3.    The AICPA objects to Definition and Instruction No. 20 ("Alleged NDA") on the grounds that it is vague and ambiguous, and subject to multiple interpretations and beyond the scope of the claims and defenses in this case.  The AICPA will interpret "Alleged NDA" to mean the NDAs referenced in the AICPA's Amended Complaint.

-4-

## RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**

Each Alleged Trade Secret.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and instructions set forth above.

Subject to and without waving the foregoing objections and general objections, the AICPA responds as follows: the AICPA will produce the trade secrets Mr. Lau misappropriated upon the entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 2:**

Each Accused Statement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.

Notwithstanding and without waving the foregoing objections and general objections, the AICPA responds as follows: the AICPA will produce any statements through which Mr. Lau infringed the AICPA's copyrights, misappropriated the AICPA's trade secrets, or breached his non-disclosure obligations with the AICPA upon entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 3:**

Documents sufficient to identify each Accused Statement containing any Alleged Trade Secret.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that the term "sufficient to identify" is vague and subject to multiple interpretations in that "sufficient to identify" is inherently subjective.

-5-

Notwithstanding and without waving the foregoing objections and general objections, the AICPA responds as follows: the AICPA will produce any statements through which Mr. Lau misappropriated the AICPA's trade secrets upon entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to identify each Accused Statement containing any portion of any Alleged Work.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above. The AICPA further objects that the term "sufficient to identify" is vague and subject to multiple interpretations in that "sufficient to identify" is inherently subjective.

Notwithstanding and without waving the foregoing objections and general objections, the AICPA responds as follows: the AICPA will produce any statements through which Mr. Lau infringed the AICPA's copyrights upon entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 5:**

Complete unredacted versions of all materials submitted to the Copyright Office regarding any Alleged Work.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above. The AICPA further objects that: (a) this request is overbroad and unduly burdensome in that it requests "complete" and "unredacted" versions of all materials submitted to the Copyright Office "regarding" any Alleged Work; and (b) this request is overbroad and unduly burdensome in that it requests materials unrelated to the copyrighted subject matter at issue.

Notwithstanding and without waving the foregoing objections and general

-6-

objections, the AICPA responds as follows: the AICPA will produce the deposit material copy of the test question of which Mr. Lau posted a virtually exact reproduction on Discord upon entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 6:**

Complete unredacted versions of all communications with the Copyright Office regarding any Alleged Work.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above. The AICPA further objects that: (a) this request is overly broad and unduly burdensome and not reasonably calculated to lead to discoverable information in that it seeks "all" communications with the Copyright Office that could, under the Definitions and Instructions, even be remotely connected in some way to the copyrighted work at issue; and (b) this request seeks information that is neither relevant nor reasonably calculated to lead to information relevant to Mr. Lau's claims and defenses—specifically, the content of the communications with the Copyright Office have nothing to do with whether the AICPA has a protectable copyright interest in the subject matter at issue.

**REQUEST FOR PRODUCTION NO. 7:**

Complete unredacted versions of all materials submitted to the Copyright Office regarding U.S. Registration No. TXu-2-287-113.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above. The AICPA further objects that this request is overly broad and unduly burdensome in that it seeks documents unrelated to the copyrighted subject matter at issue in this case.

Notwithstanding and without waving the foregoing objections and general objections, the AICPA incorporates its response to Request for Production No. 5.

-7-

**REQUEST FOR PRODUCTION NO. 8:**

Complete unredacted versions of all communications with the Copyright Office regarding U.S. Registration No. TXu-2-287-113.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that: (a) this request is overly broad and unduly burdensome and not reasonably calculated to lead to discoverable information in that it seeks "all" communications with the Copyright Office that could, under the Definitions and Instructions even be remotely connected in some way to the copyrighted work at issue; and (b) this request seeks information that is irrelevant to Mr. Lau's claims and defenses—specifically, the content of the communications with the Copyright Office have nothing to do with whether the AICPA has a protectable copyright interest in the subject matter at issue.

**REQUEST FOR PRODUCTION NO. 9:**

All social media posts by Mr. Lau known to AICPA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that: (a) this request is overly broad and unduly burdensome and not reasonably calculated to lead to discoverable information in that it seeks "all" social media posts "known" to the AICPA regardless of whether those posts contain any infringement of the AICPA's copyright, misappropriation of the AICPA's trade secrets, or a violation of any NDA Mr. Lau entered into with the AICPA; (b) this request contains no reasonable limitation in time or scope; and (c) this request is overly broad, unduly burdensome, and not reasonably calculated to lead to discoverable information in that it seeks documents or information in the possession, custody, or control of Mr. Lau.

Notwithstanding and without waving the foregoing objections and general

-8-

objections, the AICPA responds as follows: the AICPA will produce documents showing any social media posts by Mr. Lau that are the subject of the AICPA's claims upon entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 10:**

All documents directly evidencing Mr. Lau's assent to the terms of any Alleged NDA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that: (a) this request is overly broad and unduly burdensome and not reasonably calculated to lead to discoverable information in that it seeks information about NDAs that Mr. Lau may have entered into for prior sections of the Uniform CPA Examination not relevant to this dispute; and (b) the term "Alleged NDA" is vague and subject to multiple interpretations, including one which includes NDAs completely unrelated to the claims and defenses at issue in this litigation.

Notwithstanding and without waving the foregoing objections and general objections, the AICPA responds as follows: the AICPA will produce documents showing Mr. Lau's assent to any NDA he entered into in order to take the sections of the Uniform CPA Exam which are the subject of the AICPA's claims upon entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 11:**

All uniform CPA exams referenced in AICPA's operative Complaint in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that: (a) the term "uniform CPA exams" in this request is vague and subject to multiple

-9-

interpretations, and the Definitions above do not include "uniform CPA exams"; and (b) this request is overbroad and unduly burdensome in that it can be interpreted to requests copies of sections of the Uniform CPA Exam that have nothing to do with the claims and defenses in this litigation.

Notwithstanding and without waiving the foregoing objections and general objections, the AICPA responds as follows: the AICPA will produce the Exam Content that is the subject of the AICPA's claims upon entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 12:**

All internal and external communications regarding Mr. Lau.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that: (a) this request seeks information subject to the attorney-client privilege, the common interest privilege, the work product doctrine, or other privileges; (b) this request is overbroad and unduly burdensome in that it requests "[a]ll . . . communications regarding Mr. Lau," regardless if those claims have anything to do with this litigation, meaning the requests have no reasonable limitation of scope; and (c) that it contains no temporal restriction even though the conduct described in the complaint only began in 2023, while providing no explanation why any information prior to that time period is relevant or reasonably calculated to lead to relevant information.

**REQUEST FOR PRODUCTION NO. 13:**

All licenses for retired exam content from 2005 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA objects that this request is overbroad and unduly burdensome in that seeks "all licenses" for Exam Content that

-10-

has been retired with no reasonable limitation of time or scope related to the claims and defenses in this litigation. "All licenses" for a twenty-year period is patently overbroad, unduly burdensome, and not reasonably calculated to lead to discoverable information.

Notwithstanding and without waiving the foregoing objections and general objections, the AICPA responds as follows: the AICPA will produce final executed licensing agreements from January 1, 2020, through December 31, 2024.

**REQUEST FOR PRODUCTION NO. 14:**

Overhead security camera footage, test station camera footage, and biometric data regarding Mr. Lau for each exam taken from 2005 to 2025.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above. The AICPA further objects that this request is overbroad and unduly burdensome in that seeks information that is neither relevant nor reasonably calculated to lead to relevant information. Specifically, this request seeks footage and data regarding Mr. Lau's testing from 2005 to 2025, though the conduct described in the operative complaint only began in 2023.

**REQUEST FOR PRODUCTION NO. 15:**

All documents comprising any Alleged NDA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above. The AICPA further objects that: (a) the term "Alleged NDA" is vague and subject to multiple interpretations, including one in which it includes NDAs completely unrelated to the claims and defenses at issue in this litigation; and (b) this request has no reasonable limitation in time or scope in that it seeks information from the entirety of Mr. Lau's testing history with the AICPA, though the conduct described in the complaint only began in 2023.

-11-

Notwithstanding and without waiving the foregoing objections and general objections, the AICPA responds as follows: the AICPA will produce any agreements comprising the NDA that Mr. Lau entered into in connection with the REG and ISC sections of the Uniform CPA Exam described in the complaint upon entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 16:**

Documents sufficient to determine the value in U.S. dollars of each Alleged Trade Secret.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

The AICPA incorporates by reference the General Objections and Objections to Definition and Instructions set forth above.  The AICPA further objects: (a) that the phrase "sufficient to determine" is vague, ambiguous, and subject to multiple interpretations in that "sufficient to determine" is inherently subjective; (b) that it is overbroad and unduly burdensome to the extent this request seeks information outside the AICPA's possession, custody and/or control, in that value is determined by market forces beyond the scope of the AICPA's possession, custody and/or control; and (c) that it is overbroad and unduly burdensome because it has no reasonable time limitation.

Notwithstanding and without waiving the foregoing objections and general objections, the AICPA responds as follows: the AICPA will produce non-privileged documents regarding the value of the trade secrets that are the subject of the AICPA's claims upon entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 17:**

Documents sufficient to show the creator of each Alleged Trade Secret.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

The AICPA incorporates by reference the General Objections and Objections to Definition and Instructions set forth above.  The AICPA further objects that: (a) the

-12-

phrase "sufficient to show" is vague, ambiguous, and subject to multiple interpretations in that "sufficient to show" is inherently subjective; (b) this request is overly broad, unduly burdensome, and beyond the scope of permitted discovery in that it seeks information about the "creator of each Alleged Trade Secret," which is not relevant and has no bearing on the claims and defenses at issue in this litigation; and (c) this request seeks information subject to the attorney-client privilege, the common interest privilege, the work product doctrine, or other privileges.

Notwithstanding and without waiving the foregoing objections and general objections, the AICPA responds as follows: the AICPA is the creator of the trade secrets and will produce non-privileged documents regarding the creation of each trade secret at issue to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to show the dates of conception of each Alleged Trade Secret.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

The AICPA incorporates by reference the General Objections and Objections to Definition and Instructions set forth above. The AICPA further objects that: (a) the phrase "sufficient to show" is vague, ambiguous, and subject to multiple interpretations in that "sufficient to show" is inherently subjective; (b) this request is overly broad, unduly burdensome, and beyond the scope of permitted discovery in that it seeks information about the "dates of conception of each Alleged Trade Secret," which is not relevant and has no bearing on the claims and defenses at issue in this litigation; and (c) this request seeks information subject to the attorney-client privilege, the common interest privilege, the work product doctrine, or other privileges.

Notwithstanding and without waiving the foregoing objections and general objections, the AICPA responds as follows: the AICPA is the creator of the trade

-13-

secrets and will produce non-privileged documents regarding the creation of each trade secret at issue to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to show the process by which each Alleged Trade Secret was conceived.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

The AICPA incorporates by reference the General Objections and Objections to Definition and Instructions set forth above.  The AICPA further objects: (a) that the phrase "sufficient to show"  is vague, ambiguous, and subject to multiple interpretations in that "sufficient to show" is inherently subjective; (b) that the term "process" is vague, ambiguous, and subject to multiple interpretations; (c) that this request is overly broad, unduly burdensome, and beyond the scope of permitted discovery in that it seeks information about the "the process by which each Alleged Trade Secret was conceived," which is not relevant and has no bearing on the claims and defenses at issue in this litigation; and (d) this request seeks information subject to the attorney-client privilege, the common interest privilege, the work product doctrine, or other privileges.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to establish ownership of each Alleged Trade Secret.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

The AICPA incorporates by reference the General Objections and Objections to Definition and Instructions set forth above.  The AICPA further objects that the phrase "sufficient to establish" is vague, ambiguous, and subject to multiple interpretation in that "sufficient to establish" is inherently subjective.

Notwithstanding and without waiving the foregoing objections and general objections, the AICPA responds as follows: the AICPA will produce non-privileged documents responsive to this request upon entry of an appropriate protective order.

-14-

**REQUEST FOR PRODUCTION NO. 21:**

All contracts governing disclosure or use of any Alleged Trade Secret.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that this request is overly broad and unduly burdensome in that it seeks "all" contracts with no reasonable limitation as to time or scope.

Notwithstanding and without waiving the foregoing objections and general objections, the AICPA responds as follows: the AICPA will produce non-privileged documents showing agreements with those who had access to the trade secrets that are the subject of the Amended Complaint upon entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 22:**

All contracts governing disclosure or use of AICPA's trade secrets or confidential information.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

The AICPA incorporates by reference the General Objections and Objections to Definition and Instructions set forth above.  The AICPA further objects: (a) that the phrase "governing" is vague and subject to multiple interpretation; (b) this request is overly broad and unduly burdensome in that it seeks "all contracts" even if they are neither relevant nor reasonably calculated to lead to relevant information; and (c) this request is overly broad and unduly burdensome in that it seeks "all" contracts with no reasonable limitation as to time or scope.

Notwithstanding and without waiving the foregoing objections and general objections, the AICPA responds as follows: the AICPA incorporates its response to Request No. 21 above, but will not produce any further documents responsive to this Request.

-15-

**REQUEST FOR PRODUCTION NO. 23:**

Documents sufficient to show AICPA's measures to protect the alleged secrecy of any Alleged Trade Secret.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that the phrase "sufficient to show" is vague, ambiguous, and subject to multiple interpretations in that "sufficient to show" is inherently subjective.

Notwithstanding and without waiving the foregoing objections and general objections, the AICPA responds as follows: the AICPA incorporates its response to Request No. 21 above, and will also produce any AICPA information security policies either currently in effect or from the past three years upon entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 24:**

All Uniform CPA Exams from 2005 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that: (a) this request is overly broad and unduly burdensome in that it requests "all" Uniform CPA Exams regardless of whether they contain the Exam Content at issue in this litigation and from a period far beyond the scope of the claims and defenses at issue in this litigation; and (b) the expansive breadth of this request clearly shows it seeks information that is neither relevant to the claims and defenses in this litigation, nor reasonably calculated to lead to relevant information.  "All Uniform CPA Exams" for a twenty-year period is patently overbroad, unduly burdensome, and not reasonably calculated to lead to discoverable information.

Notwithstanding and without waiving the foregoing objections and general

-16-

objections, the AICPA responds as follows: the AICPA will produce documents showing the Exam Content that is the subject matter of the AICPA's Amended Complaint upon entry of an appropriate protective order.

**REQUEST FOR PRODUCTION NO. 25:**

Documents sufficient to show AICPA's policies and practices with respect to the Americans with Disabilities Act.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that: (a) the phrase "sufficient to show" is vague, ambiguous, and subject to multiple interpretations in that "sufficient to show" is inherently subjective; (b) the phrase "policies and practices" is vague, ambiguous, and subject to multiple interpretations in that it is virtually impossible to determine the scope of responsive documents such that it effectively seeks any document in the AICPA's possession, custody, or control even remotely related to the American with Disabilities Act; and (c) this request solely relates to Mr. Lau's claim for discrimination under the Americans with Disabilities Act, for which the counterclaims fail to state a claim upon which relief can be granted.

**REQUEST FOR PRODUCTION NO. 26:**

Documents sufficient to show AICPA's policies and practices with respect to the California Unruh Act.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that: (a) the phrase "sufficient to show" is vague, ambiguous, and subject to multiple interpretations in that "sufficient to show" is inherently subjective; (b) the phrase "policies and practices" is vague, ambiguous, and subject to multiple interpretations

-17-

in that it is virtually impossible to determine the scope of responsive documents such that it effectively seeks any document in the AICPA's possession, custody, or control even remotely related to the California Unruh Act; and (c) this request solely relates to Mr. Lau's claim for discrimination under the California Unruh Act, for which the counterclaims fail to state a claim upon which relief can be granted.

**REQUEST FOR PRODUCTION NO. 27:**

All communications from AICPA to third parties related to any attempt by AICPA to prevent a candidate from taking the Uniform CPA Exam for any period of time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above. The AICPA further objects that: (a) this request is overly broad and unreasonable in scope in that it requests communications completely unrelated to the claims and defenses in this litigation; and (b) for the same reason, this requests seeks information that is neither relevant nor reasonably calculated to lead to relevant information. It is also patently overbroad, unduly burdensome, and not reasonably calculated to lead to discoverable information in that it is not limited to any reasonable or relevant time period.

**REQUEST FOR PRODUCTION NO. 28:**

Any agreements between NASBA and AICPA from 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above. The AICPA further objects that: (a) this request is overly broad and unreasonable in scope in that it requests "Any" contracts between NASBA and the AICPA regardless of whether they have anything to do with the claims and defenses at issue in this litigation; and (b) for the same reason, this request seeks information that is neither relevant to claims and defenses in this

-18-

litigation, nor reasonably calculated to lead to relevant information.

Notwithstanding and without waiving the foregoing objections and general objections, the AICPA responds as follows: the AICPA will produce executed agreements related to the claims and defenses at issue in this litigation in effect from 2023-2024 to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 29:**

Any agreements between Prometric and AICPA from 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above. The AICPA further objects that: (a) this request is overly broad and unreasonable in scope in that it requests "Any" contracts between NASBA and the AICPA regardless if they have anything to do with the claims and defenses at issue in this litigation; and (b) for the same reason, this request seeks information that is neither relevant to claims and defenses in this litigation nor reasonably calculated to lead to relevant information.

Notwithstanding and without waiving the foregoing objections and general objections, the AICPA responds as follows: the AICPA will produce executed agreements related to the claims and defenses at issue in this litigation in effect from 2023-2024 to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 30:**

Any agreements between AICPA and the California Board of Accountancy from 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above. The AICPA further objects that: (a) this request is overly broad and unreasonable in scope in that it requests "Any" contracts between AICPA and the California Board of Accountancy regardless of whether they

-19-

have anything to do with the claims and defenses at issue in this litigation; and (b) for the same reason, this request seeks information that is neither relevant to the claims and defenses in this litigation nor reasonably calculated to lead to relevant information.

Notwithstanding and without waiving the foregoing objections and general objections, the AICPA responds as follows: the AICPA will produce executed agreements related to the claims and defenses at issue in this litigation in effect from 2023-2024 to the extent such documents exist.

**REQUEST FOR PRODUCTION NO. 31:**

Any communications between AICPA and any state licensing entity accusing an exam candidate of copyright infringement from 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above. The AICPA further objects that: (a) this request is overly broad, unduly burdensome, and unreasonable in scope in that it requests communications accusing any exam candidate of copyright infringement, not just Mr. Lau; and (b) for the same reason, this request seeks information that is neither relevant to the claims and defenses in this litigation nor reasonably calculated to lead to relevant information.

**REQUEST FOR PRODUCTION NO. 32:**

Any communications between AICPA and any state licensing entity accusing an exam candidate of trade secret misappropriation from 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above. The AICPA further objects that: (a) this request is overly broad and unreasonable in scope in that it requests communications accusing any exam candidate of trade secret misappropriation, not just Mr. Lau; and

-20-

(b) for the same reason, this request seeks information that is neither relevant to the claims and defenses in this litigation nor reasonably calculated to lead to relevant information.

**REQUEST FOR PRODUCTION NO. 33:**

Any communications between AICPA and any state licensing entity accusing an exam candidate of breaching any contract from 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that: (a) this request is overly broad and unreasonable in scope in that it requests communications accusing any exam candidate of a contractual breach, not just Mr. Lau; and (b) for the same reason, this request seeks information that is neither relevant to the claims and defenses in this litigation nor reasonably calculated to lead to relevant information.

Accordingly, the AICPA will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 34:**

All AICPA exam questions containing the phrase "exception report" or similar words.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that: (a) the phrase "AICPA exam questions" is vague, ambiguous, and subject to multiple interpretations in that it is not clear which exam it references or it does not clarify the scope of the request; (b) this request is overly broad and unduly burdensome in that it contains no reasonable restriction in time or scope; (c) this request seeks information that is neither relevant nor reasonably calculated to lead to relevant information in that it seeks information about exam questions completely unrelated to those taken by

-21-

Mr. Lau; and (d) the phrase "similar words" is vague, ambiguous, and subject to multiple interpretations and it does not clarify the scope of the request.

**REQUEST FOR PRODUCTION NO. 35:**

All AICPA exam questions concerning the topic of exception reports or similar concepts.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that: (a) the term "concerning" is vague, ambiguous, and subject to multiple interpretations in that reasonable minds may differ on whether a test question "concerns" an exception report or only references an exception report; (b) the phrase "AICPA exam questions" is vague, ambiguous, and subject to multiple interpretations in that it is not clear which exam it references or it does not clarify the scope of the request; (c) the phrase "or similar concepts" is vague, ambiguous, and subject to multiple interpretations in that it does not clarify what "similar concepts" this speaks to and reasonable minds can differ on whether a "concept" is "similar" to an exception report; (d) this request is overly broad and unduly burdensome in that it contains no reasonable restriction in time or scope; and (e) this requests seeks information that is neither relevant nor reasonably calculated to lead to relevant information in that it seeks information about exams completely unrelated to those taken by Mr. Lau.

**REQUEST FOR PRODUCTION NO. 36:**

Documents sufficient to show the date on which AICPA learned of each Accused Statement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that this request seeks information subject to the attorney-client privilege, the common interest

-22-

privilege, the work product doctrine, or other privileges.

Notwithstanding and without waiving the foregoing objections and general objections, the AICPA responds as follows: the AICPA will produce (to the extent not privileged) documents showing when the AICPA learned of the relevant Discord and Reddit posts.

**REQUEST FOR PRODUCTION NO. 37:**

All documents and communications discussing any Accused Statement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that: (a) this requests seeks information that is subject to the attorney-client privilege, the common interest privilege, the work product doctrine, or other privileges; and (b) this request is overly broad and unduly burdensome in that it seeks "all" documents and communications "discussing" any Accused Statements regardless of whether those communications are relevant to the claims and defenses at issue or are reasonably calculated to lead to relevant information.

**REQUEST FOR PRODUCTION NO. 38:**

All documents and communications concerning Mr. Lau.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that: (a) this requests seeks information that is subject to the attorney-client privilege, the common interest privilege, the work product doctrine, or other privileges; (b) this request is overbroad and unduly burdensome in that it seeks "all" documents "concerning" Mr. Lau regardless of their content or relation to the claims and defenses in this litigation; and (c) this request seeks information that is neither relevant nor reasonably calculated to lead to relevant information.

-23-

**REQUEST FOR PRODUCTION NO. 39:**

All documents and communications concerning Mr. Lau's Discord user name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that: (a) this requests seeks information that is subject to the attorney-client privilege, the common interest privilege, the work product doctrine, or other privileges; (b) this request is overbroad and unduly burdensome in that it seeks "all" documents "concerning" Mr. Lau's Discord user name regardless of their content or relation to the claims and defenses in this litigation; and (c) for the same reason, this request seeks information that is neither relevant nor reasonably calculated to lead to relevant information.

**REQUEST FOR PRODUCTION NO. 40:**

All documents and communications concerning Mr. Lau's Reddit user name.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that: (a) this requests seeks information that is subject to the attorney-client privilege, the common interest privilege, the work product doctrine, or other privileges; (b) this request is overbroad and unduly burdensome in that it seeks "all" documents "concerning" Mr. Lau's Reddit user name regardless of their content or relation to the claims and defenses in this litigation; and (c) for the same reason, this request seeks information that is neither relevant nor reasonably calculated to lead to relevant information.

**REQUEST FOR PRODUCTION NO. 41:**

All documents and communications concerning breach of the Alleged Uniform NDA by any user of Discord or Reddit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

The AICPA incorporates by reference the General Objections and Objections to

-24-

Definitions and Instructions set forth above.  The AICPA further objects that: (a) this requests seeks information that is subject to the attorney-client privilege, the common interest privilege, the work product doctrine, or other privileges; (b) the term "Alleged Uniform NDA" is vague, confusing, and subject to multiple interpretations in that it is not clear if the Alleged NDA is limited to those identified in the AICPA's Amended Complaint; (c) this request is overbroad and unduly burdensome in that it requires "all documents and communications" that concern "any user of Discord or Reddit" despite the fact that only Mr. Lau's Discord and Reddit posts are at issue here; (d) this request seeks information that is neither relevant nor reasonably calculated to lead to relevant information, as it seeks documents and communications related to Discord and Reddit users other than Mr. Lau; and (e) this request is overbroad and unduly burdensome in that it is not limited to any reasonable time period or scope.

**REQUEST FOR PRODUCTION NO. 42:**

All documents and communications concerning potential breach of the Alleged Uniform NDA by any user of Discord or Reddit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that: (a) this requests seeks information that is subject to the attorney-client privilege, the common interest privilege, the work product doctrine, or other privileges; (b) the term "Alleged Uniform NDA" is vague, confusing, and subject to multiple interpretations in that it is not clear if the Alleged NDA is limited to those identified in the AICPA's Amended Complaint; (c) this request is overbroad and unduly burdensome in that it requires "all documents and communications" that concern "any user of Discord or Reddit" despite the fact that only Mr. Lau's Discord and Reddit posts are at issue here; (d) this request seeks information that is neither relevant nor reasonably calculated to lead to relevant information, as it seeks documents and communications related to Discord

-25-

and Reddit users other than Mr. Lau; (e) this request is overbroad and unduly burdensome in that it is not limited to any reasonable time period or scope; and (f) this request is overbroad and unduly burdensome in that it is duplicative of Request No. 41.

**REQUEST FOR PRODUCTION NO. 43:**

All documents and communications concerning suspected breach of the Alleged Uniform NDA by any user of Discord or Reddit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that: (a) this requests seeks information that is subject to the attorney-client privilege, the common interest privilege, the work product doctrine, or other privileges; (b) the term "Alleged Uniform NDA" is vague, confusing, and subject to multiple interpretations in that it is not clear if the Alleged NDA is limited to those identified in the AICPA's Amended Complaint; (c) this request is overbroad and unduly burdensome in that it requires "all documents and communications" that concern "any user of Discord or Reddit" despite the fact that only Mr. Lau's Discord and Reddit posts are at issue here; (d) this request seeks information that is neither relevant nor reasonably calculated to lead to relevant information, as it seeks documents and communications related to Discord and Reddit users other than Mr. Lau; (e) this request is overbroad and unduly burdensome in that it is not limited to any reasonable time period or scope; and (f) this request is overbroad and unduly burdensome in that it is duplicative of Request Nos. 41 and 42.

**REQUEST FOR PRODUCTION NO. 44:**

Documents sufficient to show AICPA's policies and practices concerning monitoring social media posts by CPA exam candidates.

-26-

PLAINTIFF/CROSS-DEFENDANT AICPA'S RESPONSES TO DEFENDANT
STEPHEN LAU'S FIRST SET OF REQUESTS FOR PRODUCTION

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above. The AICPA further objects that: (a) the phrase "sufficient to show" is vague, ambiguous, and subject to multiple interpretations in that "sufficient to show" is inherently subjective; (b) the phrase "policies and practices" is vague, ambiguous, and subject to multiple interpretations in that it is virtually impossible to determine the scope of responsive documents such that it effectively seeks any document in the AICPA's possession, custody, or control even remotely related to AICPA social media monitoring; (c) this request is overly broad and unduly burdensome in that it seeks information regarding CPA Exam candidates other than Mr. Lau; and (d) this request seeks information that is neither relevant nor reasonably calculated to lead to relevant information because it seeks information regarding CPA Exam candidates other than Mr. Lau.

**REQUEST FOR PRODUCTION NO. 45:**

All social media posts obtained by AICPA from Discord or Reddit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above. The AICPA further objects that: (a) this request is overly broad and unduly burdensome in that it requests "all social media posts" in the AICPA's possession, custody, and/or control from Discord or Reddit, regardless of the content and regardless of the user; (b) this request seeks information that is neither relevant nor reasonably calculated to lead to relevant information because it seeks information regarding Discord and Reddit posts other than those made by Mr. Lau; and (c) this request is overbroad and unduly burdensome in that it is not limited to any reasonable time period or scope.

**REQUEST FOR PRODUCTION NO. 46:**

All documents and communications concerning any communications between

-27-

AICPA and law enforcement related to Mr. Lau.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that: (a) the term "law enforcement" is vague, ambiguous, and subject to multiple interpretations; (b) this request is overly broad and unduly burdensome in that it seeks documents and communications unrelated to the conduct comprising the claims and defenses in this litigation; and (c) this requests seeks information that is neither relevant nor reasonably calculated to lead to relevant information in that the AICPA's communications with law enforcement, if any, have nothing to do with the merits of any claim or defense.

**REQUEST FOR PRODUCTION NO. 47:**

All documents and communications concerning any DMCA notices sent or contemplated concerning Mr. Lau.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that: (a) this requests seeks information that is subject to the attorney-client privilege, the common interest privilege, the work product doctrine, or other privileges; (b) the phrase "contemplated" is vague, ambiguous, and subject to multiple interpretations and the AICPA specifically objects to any definition that would require the AICPA to produce any documents subject to the attorney-client privilege, the common interest privilege, the work product doctrine, or other privileges; and (c) this request is overly broad and unduly burdensome in that it requests documents and communications "concerning" DMCA notices that are merely "contemplated" against Mr. Lau, which would not be relevant to the claims or defenses, nor would they be reasonably calculated to lead to relevant information.

-28-

Notwithstanding and without waiving the foregoing objections and general objections, the AICPA responds as follows: the AICPA will produce any DMCA takedown notices it submitted based upon Mr. Lau's actions on Discord.

**REQUEST FOR PRODUCTION NO. 48:**

All documents and communications concerning any DMCA notices sent or contemplated by AICPA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that: (a) this requests seeks information that is subject to the attorney-client privilege, the common interest privilege, the work product doctrine, or other privileges; (b) the phrase "contemplated" is vague, ambiguous, and subject to multiple interpretations and objects to any definition that would require the AICPA to produce any privileged information; (c) this request is overly broad and unduly burdensome in that it seeks documents "concerning" DMCA notices that are not relevant to the claims and defenses in this litigation and are thus outside the scope of discovery; and (d) this request is overbroad and unduly burdensome in that it is not limited to any reasonable time period or scope.

Notwithstanding and without waiving the foregoing objections and general objections, the AICPA responds as follows: the AICPA will produce any DMCA takedown notices it submitted based upon Mr. Lau's actions on Discord.

**REQUEST FOR PRODUCTION NO. 49:**

Documents sufficient to show AICPA's policies and practices concerning the sending of DMCA notices to third parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that: (a) this

-29-

requests seeks information that is subject to the attorney-client privilege, the common interest privilege, the work product doctrine, or other privileges; (b) this request seeks information that is the phrase "sufficient to show" is vague, ambiguous, and subject to multiple interpretations in that "sufficient to show" is inherently subjective; (c) the phrase "policies and practices" is vague, ambiguous, and subject to multiple interpretations in that it is virtually impossible to determine the scope of responsive documents such that it effectively seeks any document in the AICPA's possession, custody, or control even remotely related to DMCA notices; (d) this request is overly broad and unduly burdensome in that it effectively seeks any document related to DMCA notices regardless of their relevance to the claims and defenses in this litigation; and (e) this request is overbroad and unduly burdensome in that it is not limited to any reasonable time period or scope.

**REQUEST FOR PRODUCTION NO. 50:**

Documents sufficient to show AICPA's policies and practices concerning fair use assessments in connection with the sending of DMCA notices to third parties.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above. The AICPA further objects that: (a) this requests seeks information that is subject to the attorney-client privilege, the common interest privilege, the work product doctrine, or other privileges; (b) this request seeks information that is the phrase "sufficient to show" is vague, ambiguous, and subject to multiple interpretations in that "sufficient to show" is inherently subjective; (c) the phrase "policies and practices" is vague, ambiguous, and subject to multiple interpretations in that it is virtually impossible to determine the scope of responsive documents such that it effectively seeks any document in the AICPA's possession, custody, or control even remotely related to fair use assessments in connection to DMCA notices; (d) this request is overly broad and unduly burdensome in that it

-30-

effectively seeks any document related to DMCA notices regardless of their relevance to the claims and defenses in this litigation; and (e) this request is overbroad and unduly burdensome in that it is not limited to any reasonable time period or scope.

**REQUEST FOR PRODUCTION NO. 51:**

All licenses for "Exam Content" (as defined in the operative Complaint) from 2005 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that this request is overly broad and unduly burdensome in it is not reasonably limited in time and scope and seeks information related to content far beyond those that are relevant to the claims and defenses in this litigation.  "All licenses" for a twenty-year period is patently overbroad, unduly burdensome, and not reasonably calculated to lead to discoverable information.

Notwithstanding and without waiving the foregoing objections and general objections, the AICPA responds as follows: the AICPA will produce final executed licensing agreements from January 1, 2020, through December 31, 2024.

**REQUEST FOR PRODUCTION NO. 52:**

All communications with third parties from 2019 to present alleging breach of any Alleged Uniform NDA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that: (a) the term "Alleged Uniform NDA" is vague, confusing, and subject to multiple interpretations in that it is not clear if the "Alleged NDA" is limited to those identified in the AICPA's Amended Complaint; and (b) this request is overly broad and unduly burdensome in that it seeks information related to allegations of breach completely

-31-

unrelated to those comprising the claims and defenses in this litigation.

**REQUEST FOR PRODUCTION NO. 53:**

All communications with third parties from 2019 to present alleging copyright infringement of any Alleged Work.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that: (a) the term "Alleged Work" is vague, confusing, and subject to multiple interpretations in that it is not clear if the "Alleged Work" as it used here is comprised of every single copyrighted work within the group registration the AICPA identified in its Amended Complaint or the single test question of which Mr. Lau made a virtually identical copy on Discord; and (b) this request is overly broad and unduly burdensome in that it seeks information related to allegations of copyright infringement completely unrelated to those comprising the claims and defenses in this litigation.

**REQUEST FOR PRODUCTION NO. 54:**

All communications with third parties from 2005 to present alleging copyright infringement by an exam candidate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that this request is overly broad and unduly burdensome in that it seeks information related to allegations of copyright infringement completely unrelated to those comprising the claims and defenses in this litigation, and does not contained a reasonable time limitation.  "All communications" for a twenty-year period is patently overbroad, unduly burdensome, and not reasonably calculated to lead to discoverable information.

-32-

**REQUEST FOR PRODUCTION NO. 55:**

All communications with third parties from 2005 to present alleging trade secret misappropriation by an exam candidate.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that this request is overly broad and unduly burdensome in that it seeks information related to allegations of trade secret misappropriation completely unrelated to those comprising the claims and defenses in this litigation, and does not contained a reasonable time limitation.  "All communications" for a twenty-year period is patently overbroad, unduly burdensome, and not reasonably calculated to lead to discoverable information.

**REQUEST FOR PRODUCTION NO. 56:**

All DMCA notices sent by AICPA from 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that this request is overly broad and unduly burdensome in that it seeks information related to DMCA takedown notices completely unrelated to those comprising the claims and defenses in this litigation.

**REQUEST FOR PRODUCTION NO. 57:**

All responses to DMCA notices sent by AICPA from 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above.  The AICPA further objects that this request is overly broad and unduly burdensome in that it seeks information related to DMCA takedown notices completely unrelated to those comprising the claims and

-33-

defenses in this litigation.

**REQUEST FOR PRODUCTION NO. 58:**

AICPA's information security policies from 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above. The AICPA further objects that this request is overly broad in that it does not contain a reasonable time limitation related to the claims and defenses in this litigation.

Notwithstanding and without waiving the foregoing objections and general objections, the AICPA responds as follows: the AICPA will produce information security policies currently in effect or from the past three years.

**REQUEST FOR PRODUCTION NO. 59:**

AICPA's document retention policies from 2019 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

The AICPA incorporates by reference the General Objections and Objections to Definitions and Instructions set forth above. The AICPA further objects that this request is overly broad, unduly burdensome, and outside the scope of discovery in that the AICPA's document retention is neither relevant nor reasonably calculated to lead to relevant information and given that this request does not contain a reasonable time limitation related to the claims and defenses in this litigation.

Dated:  April 2, 2025                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:  /s/ Kazim A. Naqvi
        KAZIM A. NAQVI

Attorneys for Plaintiff and Cross-Defendant *American Institute of Certified Public Accountants*

-34-

PROOF OF SERVICE

**5:24-cv-01940-SSS-SHKx**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of . My business address is 1901 Avenue of the Stars, Suite 1600, Los Angeles, CA 90067-6055.

On April 2, 2025, I served true copies of the following document(s) described as **PLAINTIFF AND COUNTER-DEFENDANT AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS' RESPONSES AND OBJECTIONS TO DEFENDANT AND COUNTER-COMPLAINANT STEPHEN LAU'S FIRST SET OF REQUESTS FOR PRODUCTION** on the interested parties in this action as follows:

ORRICK, HERRINGTON & SUTCLIFFE LLP
ROBERT L. URIARTE, Esq
ruriarte@orrick.com
AVERY CARTWRIGHT, Esq
acartwright@orrick.com
355 S. Grand Ave., Los Angeles, CA 90071
Telephone: (213) 629-2020
Facsimile: (213) 612-2499

LAW OFFICE OF CHARLES WEINER
CHARLES WEINER, Esq.
charles@charlesweinerlaw.com
99 Lantern Drive, Suite 202,
Doylestown, PA 18901
Telephone: (267) 685-6311
Facsimile: (215) 340-7685

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address pacloutier@sheppardmullin.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 2, 2025, at Los Angeles, California.

Patricia Cloutier

-35-