# EXHIBIT 49

**Uriarte, Robert L.**

| | |
|---|---|
| **From:** | Uriarte, Robert L. |
| **Sent:** | Tuesday, May 6, 2025 10:26 AM |
| **To:** | Thomas, Christopher M.; Kazim Naqvi; Yeaman, Calumn |
| **Cc:** | Tenaya Rodewald; Tabeling, Andrew P.; Lee, Nicholas H.; Chuck Weiner |
| **Subject:** | RE: AICPA/Lau--LR 37-1 Letter and Request to Meet and Confer |

Thank you for your response, but we've been asking for responsive materials since January. AICPA had a duty to begin collecting and producing documents long before the filings you reference below.

Please include my colleague Calumn Yeaman (added to the "to" line of this thread) in any future productions sent via email.

Thank you

Rob

---

**From:** Thomas, Christopher M. <christhomas@parkerpoe.com>
**Sent:** Monday, May 5, 2025 12:08 PM
**To:** Uriarte, Robert L. <ruriarte@orrick.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Cc:** Tenaya Rodewald <TRodewald@sheppardmullin.com>; Tabeling, Andrew P. <andytabeling@parkerpoe.com>; Lee, Nicholas H. <nicholaslee@parkerpoe.com>; Chuck Weiner <charles@charlesweinerlaw.com>
**Subject:** RE: AICPA/Lau--LR 37-1 Letter and Request to Meet and Confer

**[EXTERNAL]**

Hi Rob,

We are producing some documents either today or tomorrow and will produce more later this week. I am also working on the supplemental interrogatory responses and written responses to requests for production of documents you requested and will get them to you as soon as I can. Unfortunately, Mr. Lau's filings of: (1) an Ex Parte Relief seeking emergency relief; (2) his 400+ paragraph Second Amended Counterclaims with seven counterclaims -- four of which were surprise, unstipulated-to, new claims -- and all of which, in our view, fail to state claims upon which relief can be granted; and (3) a Motion for a Preliminary Injunction meant left less time to review and produce documents. In any case, we will continue to work in good faith to get you responsive non-privilege documents.

Thanks,
Chris

1

**Christopher Thomas**
Partner



PNC Plaza | 301 Fayetteville Street | Suite 1400 | Raleigh, NC 27601
Office: 919.835.4641 | Fax: 919.834.4564 | map

Visit our website at
www.parkerpoe.com

---

**From:** Uriarte, Robert L. <ruriarte@orrick.com>
**Sent:** Monday, May 5, 2025 1:26 PM
**To:** Thomas, Christopher M. <christhomas@parkerpoe.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Cc:** Tenaya Rodewald <TRodewald@sheppardmullin.com>; Tabeling, Andrew P. <andytabeling@parkerpoe.com>; Lee, Nicholas H. <nicholaslee@parkerpoe.com>; Chuck Weiner <charles@charlesweinerlaw.com>
**Subject:** RE: AICPA/Lau--LR 37-1 Letter and Request to Meet and Confer

**\*\*\*Caution: External email\*\*\***

Hi Chris, where are the documents you promised to produce last week?

And where are the supplemental interrogatory responses you promised to provide?  I presume the forthcoming production will include the evidence AICPA has already used against Mr. Lau in its multiple filings.  Please advise ASAP.

Thanks

Rob

---

**From:** Thomas, Christopher M. <christhomas@parkerpoe.com>
**Sent:** Thursday, April 24, 2025 5:04 PM
**To:** Uriarte, Robert L. <ruriarte@orrick.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Cc:** Tenaya Rodewald <TRodewald@sheppardmullin.com>; Tabeling, Andrew P. <andytabeling@parkerpoe.com>; Lee, Nicholas H. <nicholaslee@parkerpoe.com>; Chuck Weiner <charles@charlesweinerlaw.com>
**Subject:** RE: AICPA/Lau--LR 37-1 Letter and Request to Meet and Confer

**[EXTERNAL]**

Hi Rob,

Please see the table below showing AICPA's proposed compromises discussed during the meet and confer issues that we discussed following your letter of April 3.

We will produce more documents next week that will include the unredacted secure test items that are the subject of the Amended Complaint. Please keep in mind that these documents will be designated Attorneys' Eyes Only.

Thanks,
Chris

| Request | AICPA Proposed Compromise |
|---|---|
| **Interrogatory No. 1:** "Describe with reasonable particularity each Alleged Trade Secret." | AICPA will provide Lau with a supplemental interrogatory answer that identifies the specific secure test items that are the subject of the AICPA's trade secret claims (from production in discovery by bates number), along with written supplemental answer stating the scope of protection AICPA is claiming in these trade secrets, namely, the specific contents of each claimed secure test item and descriptions of such items from which the specific content of such test item could be determined with sufficient particularity to separate it from matters of general knowledge in the trade or of special persons who are skilled in the trade. |
| **Interrogatory No. 5** "State all non-privileged facts concerning any fair use assessment of Mr. Lau's social media posts conducted by AICPA, including the date or dates on which any such assessments occurred, the persons responsible for any such assessments, the facts available to AICPA in carrying out its assessments, the outcome of any such assessments, and information sufficient to identify any documents related to or created in connection with such assessments." | AICPA will supplement its answer to this interrogatory to describe non-privileged facts concerning its fair use assessments related to Lau's social media posts that are the subject of the Amended Complaint, the people involved in such assessments, dates on or around when such assessments took place, and information sufficient to identify any non-privileged documents created as part of such assessments. |
| **Interrogatory No. 6** (mislabeled as Interrogatory No. 7): "Describe in as much detail as You can the Alleged Market, including an identification an identification the consumers, competitors, and any other participants in the Alleged Market and identification of any substitutes for AICPA's Alleged | AICPA will supplement its answer to this interrogatory to describe the value of its unpublished test items and the value of retired test items based on from test and licensing revenue from last five years. |

| | |
|---|---|
| Works in the Alleged Market." | |
| **RFP 7:** Complete unredacted versions of all materials submitted to the Copyright Office regarding U.S. Registration No. TXu-2-287-113<br><br>**RFP 8:** Complete unredacted versions of all communications with the Copyright Office regarding U.S. Registration No. TXu-2-287-113 | AICPA will provide complete unredacted versions of all materials submitted to, and communications with, the Copyright Office regarding U.S. Registration No. TXu-2-287-113 as it relates to the one test item that is the allegedly-infringed work that is the subject of the Amended Complaint.<br><br>AICPA maintains its objections to producing materials or communications related to the other 229 test items that are covered by this Group Registration but which are not the subject of the Amended Complaint because this request is overly broad and seeks documents outside the scope of discovery, and having to gather and produce such documents would be unduly burdensome, and disproportionate to the needs of this case.<br><br>This is a BEC registration which goes back six years. This section of the exam no longer exists. Some test items originally created for BEC went into different test sections, others were disregarded. And AICPA has changed platforms since the application for this Registration and some of items that may not have been migrated over to the current system. |
| **RFP 9:** All social media posts by Mr. Lau known to AICPA | AICPA will produce all social posts in its possession that it knows to have been made by Mr. Lau. |
| **RFP 11:** All uniform CPA exams referenced in AICPA's operative Complaint in this Action. | AICPA maintains its objection to producing anything other than the test items that are the subject of the Amended Complaint because this request is overly broad and seeks documents outside the scope of discovery, and having to gather and produce such documents would be unduly burdensome, and disproportionate to the needs of this case. |

4

| | Because the Exam for a given administration may include multiple test forms per section, the volume of material this request seeks is significant and gathering and producing it would be unduly burdensome. |
|---|---|
| **RFP 12** All internal and external communications regarding Mr. Lau | AICPA will produce non-privileged communications we've gathered with search term about Lau under his name and his social media handles known to AICPA regarding the conduct that is the subject of the Amended Complaint. |
| **RFP 14:** Overhead security camera footage, test station camera footage, and biometric data regarding Mr. Lau for each exam taken from 2005 to 2025 | AICPA will supplement its response to state that it lacks any documents responsive to this request. |
| **RFP 19:** Documents sufficient to show the process by which each Alleged Trade Secret was conceived | AICPA will provide a responsive document |
| **RFP 24:** All Uniform CPA Exams from 2005 to present | AICPA maintains its objection to this request because it is overly broad, seeks documents outside the scope of discovery, and having to gather and produce such documents would be unduly burdensome, and disproportionate to the needs of this case. |
| **RFP 25:** Documents sufficient to show AICPA's policies and practices with respect to the Americans with Disabilities Act.<br><br>**RPF 26:** Documents sufficient to show AICPA's policies and practices with respect to the California Unruh Act | AICPA will produce documents sufficient to show its policies that address its role in delivering ADA-compliant test panels to candidates who receive an accommodation from NASBA and/or a state board. |
| **RFP 27:** All communications from AICPA to third parties related to any attempt by AICPA to prevent a candidate from taking the Uniform CPA Exam for any period of time. | AICPA maintains its objection to this request because it is overly broad and seeks documents outside the scope of discovery. |

| | |
|---|---|
| **RFP 28:** Any agreements between NASBA and AICPA from 2019 to present;<br><br>**RFP 29:** Any agreements between Prometric and AICPA from 2019 to present;<br><br>**RFP 30:** Any agreements between AICPA and the California Board of Accountancy from 2019 to present. | In response to these three requests, AICPA will produce any agreements it has with, respectively, NASBA, Prometric, and the California Board of Accountancy from 2019 to present related to the AICPA's intellectual property rights that are at issue in this lawsuit. |
| **RFP 31, 32, 33:** Any communications between AICPA and any state licensing entity accusing an exam candidate of copyright infringement (RFP 31), trade secret misappropriation (RFP 32), and breach of any contract (RFP 33) from 2019 to present. | AICPA maintains its objection to this request because it is overly broad and seeks documents outside the scope of discovery. |
| **RFP 34:** All AICPA exam questions containing the phrase "exception report" or similar words.<br><br>**RFP 35:** All AICPA exam questions concerning the topic of exception reports or similar concepts. | In response to these two requests, AICPA will produce current secure test items from the ISC and BEC sections that include the terms "exception report", "exception reports" or "exception monitoring report". |
| **RFP 37:** All documents and communications discussing any Accused Statement. | AICPA will produce non-privileged documents and communications that discuss Mr. Lau's allegedly infringing posts. |

| | |
|---|---|
| **RFP 38, 39, 40:** All documents and communications concerning Mr. Lau (RFP 38), Mr. Lau's Discord user name (RFP 39), and Mr. Lau's Reddit user name (RFP 40). | In response to these three requests, AICPA will produce non-privileged documents and communications that include Mr. Lau's name, Mr. Lau's Discord user name that is included in the Amended Complaint, and Mr. Lau's Reddit user name that is included in the Amended Complaint. |
| **RFPs 41–43:** All documents and communications concerning breach of the Alleged Uniform NDA( RFP 41), potential breach of the Alleged Uniform NDA (RFP 42), suspected breach of the Alleged Uniform NDA (RFP 43) by any user of Discord or Reddit. | In response to these requests, AICPA will produce non-privileged documents from the rollout of the NDA to the present showing AICPA's communications to users of Discord or Reddit concerning such users' conduct on those platforms as it relates to the NDA. |
| **RFP 44:** Documents sufficient to show AICPA's policies and practices concerning monitoring social media posts by CPA exam candidates. | AICPA will produce non-privileged documents sufficient to show that it actively monitors Discord and Reddit for infringing activity. |
| **RFP 46:** All documents and communications concerning any communications between AICPA and law enforcement related to Mr. Lau. | AICPA will supplement response to affirmatively state the AICPA lacks any documents responsive to this request. |
| **RFP 45:** All social media posts obtained by AICPA from Discord or Reddit. | AICPA maintains its objection to this request because it is overly broad, seeks documents outside the scope of discovery, and having to gather and produce such documents would be unduly burdensome, and disproportionate to the needs of this case. |
| **RFP 48:** All documents and communications concerning any DMCA notices sent or contemplated by AICPA. | AICPA will produce non-privileged documents and communications with third parties concerning any DMCA notices related to Mr. Lau. |

| | |
|---|---|
| **RFP 49:** Documents sufficient to show AICPA's policies and practices concerning the sending of DMCA notices to third parties. | AICPA will supplement its response to state that it lacks any documents responsive to this request. |
| **RFP 50:** Documents sufficient to show AICPA's policies and practices concerning fair use assessments in connection with the sending of DMCA notices to third parties. | AICPA will supplement its response to state that it lacks any documents responsive to this request as it related to CPA Exam content. |
| **RFPs 52, 53:** All communications with third parties from 2019 to present alleging breach of any Alleged Uniform NDA (RFP 52) or infringement of any Alleged Work (RFP 53). | AICPA maintains its objections to these six requests because they are overly broad, seek documents outside the scope of discovery, and having to gather and produce such documents would be unduly burdensome, and disproportionate to the needs of this case. |
| **RFP 54:** All communications with third parties from 2005 to present alleging copyright infringement by an exam candidate. | |
| **RFP 55:** All communications with third parties from 2005 to present alleging trade secret misappropriation by an exam candidate. | |
| **RFP 56 :** All DMCA notices sent by AICPA from 2019 to present | |
| **RFP 57:** All responses to DMCA notices sent by AICPA from 2019 to present | |
| **RFP 59:** AICPA's document retention policies from 2019 to present. | AICPA will produce documents sufficient to show its document retention policies since the rollout of the NDA. |

_____

**Christopher Thomas**
Partner



PNC Plaza | 301 Fayetteville Street | Suite 1400 | Raleigh, NC 27601
Office: 919.835.4641 | Fax: 919.834.4564 | map

Visit our website at
www.parkerpoe.com

**PRIVILEGED AND CONFIDENTIAL:** This electronic message and any attachments are confidential property of the sender. The information is intended only for the use of the person to whom it was addressed. Any other interception, copying, accessing, or disclosure of this message is prohibited. The sender takes no responsibility for any unauthorized reliance on this message. If you have received this message in error, please immediately notify the sender and purge the message you received. Do not forward this message without permission.

**From:** Uriarte, Robert L. <ruriarte@orrick.com>
**Sent:** Wednesday, April 23, 2025 6:49 PM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Cc:** Tenaya Rodewald <TRodewald@sheppardmullin.com>; Tabeling, Andrew P. <andytabeling@parkerpoe.com>; Thomas, Christopher M. <christhomas@parkerpoe.com>; Lee, Nicholas H. <nicholaslee@parkerpoe.com>; Chuck Weiner <charles@charlesweinerlaw.com>
**Subject:** RE: AICPA/Lau--LR 37-1 Letter and Request to Meet and Confer

**\*\*\*Caution: External email\*\*\***

Hi Kazim and team, please let us know by EOD tomorrow whether AICPA has any compromises to offer regarding the meet and confer issues we wrote to AICPA about on April 3.

Please also immediately provide the promised documents reflecting AICPA's alleged trade secrets. We expected to receive these documents in the production that came in on Friday but see only one document that could reflect such information, and it is redacted in its entirety.

Thanks

Rob

**From:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Sent:** Friday, April 18, 2025 10:57 AM
**To:** Uriarte, Robert L. <ruriarte@orrick.com>
**Cc:** Tenaya Rodewald <TRodewald@sheppardmullin.com>; Andrew P. Tabeling <andytabeling@parkerpoe.com>; Christopher M. Thomas <christhomas@parkerpoe.com>; Nicholas H. Lee <nicholaslee@parkerpoe.com>; Chuck Weiner <charles@charlesweinerlaw.com>
**Subject:** RE: AICPA/Lau--LR 37-1 Letter and Request to Meet and Confer

**[EXTERNAL]**

Rob:

I am following up from our meet and confer call last Friday. We have met with our client and, given the volume of discovery requests at issue, we are still working through the process of trying to find potential areas of compromise or impasse on the various requests. We expect to be in a position to identify the areas of impasse and potential areas of

compromise after Monday of next week. We will circle back with you next week and we can schedule another meet and confer call to work through any outstanding issues as needed.

Best,

Kazim

**Kazim A. Naqvi** | Partner
**SheppardMullin** | Century City
+1 424-288-5336 | ext. 15336

---

**From:** Uriarte, Robert L. <ruriarte@orrick.com>
**Sent:** Friday, April 4, 2025 10:16 AM
**To:** Kazim Naqvi <KNaqvi@sheppardmullin.com>
**Cc:** Tenaya Rodewald <TRodewald@sheppardmullin.com>; Andrew P. Tabeling <andytabeling@parkerpoe.com>; Christopher M. Thomas <christhomas@parkerpoe.com>; Nicholas H. Lee <nicholaslee@parkerpoe.com>; Chuck Weiner <charles@charlesweinerlaw.com>
**Subject:** Re: AICPA/Lau--LR 37-1 Letter and Request to Meet and Confer

Thank you. I think this works, I will confirm asap and send the invite so I can host and record.

Rob

> On Apr 3, 2025, at 9:02 PM, Kazim Naqvi <KNaqvi@sheppardmullin.com> wrote:

**[EXTERNAL]**

Rob:

We are available to meet and confer on April 11 at 11 AM PT. Please let me know if that works and I can send a zoom invite.

Best,

Kazim

**Kazim A. Naqvi** | Partner
**SheppardMullin** | Century City
+1 424-288-5336 | ext. 15336

---

**From:** Uriarte, Robert L. <ruriarte@orrick.com>
**Sent:** Thursday, April 3, 2025 11:46 AM
**To:** Tenaya Rodewald <TRodewald@sheppardmullin.com>; Kazim Naqvi <KNaqvi@sheppardmullin.com>; Andrew P. Tabeling <andytabeling@parkerpoe.com>; Christopher M. Thomas <christhomas@parkerpoe.com>; Nicholas H. Lee <nicholaslee@parkerpoe.com>

**Cc:** Chuck Weiner <charles@charlesweinerlaw.com>
**Subject:** AICPA/Lau--LR 37-1 Letter and Request to Meet and Confer

Hi all, please see attached and let us know ASAP when you are available to meet to discuss these issues next week.

Thanks

Rob


**Robert L. Uriarte**
Partner

Orrick                <image001.jpg>

Los Angeles
T +1-650-289-7105
M +1-650-208-9179
he/him/his
ruriarte@orrick.com

<image003.png>

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com.*

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.