SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
TENAYA RODEWALD, Cal Bar No. 248563
trodewald@sheppardmullin.com
1540 El Camino Real Suite 120
Menlo Park, California 94025-4111
Telephone:  650.815.2600
Facsimile:  650.815.2601

KAZIM A. NAQVI, Cal. Bar No. 300438
knaqvi@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-7017
Telephone:  310.228.3700
Facsimile:  310.228.3701

PARKER POE ADAMS & BERNSTEIN LLP
CHRISTOPHER M. THOMAS (*admitted pro hac vice*)
christhomas@parkerpoe.com
ANDREW P. TABELING (*admitted pro hac vice*)
andytabeling@parkerpoe.com
301 Fayetteville Street, Suite 1400
Raleigh, North Carolina  27602-0389
Telephone:  919.835.4626
Facsimile:  919.834.4564

NICHOLAS H. LEE (*admitted pro hac vice*)
nicholaslee@parkerpoe.com
620 S. Tryon Street, Suite 800
Charlotte, North Carolina 28202
Telephone:  704.335.9876
Facsimile:  704.334.4706

Attorneys for Plaintiff and Counter-Defendant AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS,<br><br>      Plaintiff,<br><br>   v.<br><br>STEPHEN LAU,<br><br>      Defendant. | Case No. 5:24-cv-01940-SSS-SHK<br><br>**COUNTER-DEFENDANT AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS' OBJECTION TO NEW EVIDENCE AND ARGUMENTS SUBMITTED IN CONNECTION WITH COUNTER-CLAIMANT'S REPLY IN SUPPORT OF HIS MOTION FOR PRELIMINARY INJUNCTION** |

STEPHEN LAU,

        Counter-Claimant,

    v.

AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS

        Counter-Defendant.

Plaintiff and Counter-Defendant American Institute of Certified Public Accountants ("AICPA'") objects to new arguments and evidence submitted in connection with Defendant and Counterclaimant Stephen Lau's ("Lau") "Reply to AICPA's Opposition to Motion for Preliminary Injunction" [ECF 80] (the "Reply"), filed on May 9, 2025.

## I.    LAU'S NEW EVIDENCE SHOULD BE STRICKEN

"[R]eply briefs are limited in scope to matters either raised by the opposition or unforeseen at the time of the original motion." *Burnham v. City of Rohnert Park*, 1992 WL 672965, at *1, n. 2 (N.D. Cal. May 18, 1992). Generally speaking, "new evidence presented in the Reply must be stricken." *Townsend v. Monster Beverage Corporation*, 303 F. Supp. 3d 1010, 1027 (C.D. Cal. 2018) ("New evidence submitted as part of a reply is improper because it does not allow the defendant an adequate opportunity to respond.") (internal quotation marks omitted).

Ninth Circuit courts, including courts in this District, routinely strike new evidence submitted with a reply brief. *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 309, n. 5 (N.D. Cal. 2005) (striking declarations and exhibits submitted with a reply); *Manfred v. Greenrock*, 2008 WL 11340337, at *1 (C.D. Cal. June 27, 2008) (striking all of the evidence Plaintiff's included with her reply brief and holding the "Court will not consider those parts of the Reply that rely upon this improperly submitted evidence."). The proper procedure to challenge new evidence submitted on reply is to file an objection, which is what the AICPA is doing here. *See S.E.C. v. Platforms*

*Wireless Intern. Corp.*, 617 F.3d 1072, 1087 n. 9 (9th Cir. 2010) (recognizing that the proper way for the defendant to challenge the plaintiff's new evidence submitted with their reply brief would be to file an objection).

Here, in connection with his Reply, Lau improperly submitted a 9-page declaration from his counsel along with 11 new exhibits [ECF 80-1 to 80-13]. Certain of these exhibits were not even documents produced by the AICPA and/or they otherwise existed or were obtainable before Lau filed his Motion for Preliminary injunction on April 23, 2025 (the "Motion") [*see* ECF 80-3 to 80-5 and 80-11 to 80-13]. Lau provides no explanation why these documents were not submitted in connection with the moving papers. The AICPA is prejudiced by not having the opportunity to respond to this new evidence. Consistent with the above authorities, the Court should strike all the new evidence submitted by Lau in connection with the Reply.

## II.    LAU'S NEW ARGUMENTS SHOULD BE STRICKEN

Similarly, Ninth Circuit courts, including courts in this District, routinely "decline to consider arguments that are raised for the first time in reply." *See Stewart v. Wachowski*, 2004 WL 2980783, at *11 (C.D. Cal. Sept. 28, 2004); *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). "[A]rguments raised for the first time in the reply brief are waived", and courts frequently strike such new arguments. *In re Menjivar*, 2018 WL 4616340, at *7 (C.D. Cal. Sept. 24, 2018) (the "Court strikes these new arguments as improper"); *Sydanmaa v. Los Angeles Police Dep't*, 2021 WL 1593249, at *1 (C.D. Cal. Mar. 16, 2021) ("it is improper to raise new arguments on reply" and striking new arguments submitted on reply).

Here, in addition to new evidence, Lau also raises new arguments in his Reply that were not raised in his Motion, including new arguments based on the new evidence he submits, such that the AICPA has been denied a proper opportunity to respond to them. He similarly raises new arguments not based on the new evidence,

*e.g.,* in connection with his tortious interference with contract claim, Lau argues for the first time in the Reply that "estoppel applies" because "Mr. Lau relied on the parties' prior course of dealing when he paid fees for his September 2024 FAR exam with the expectation that AICPA would timely tender his scores." [ECF 80, p. 7]. Lau does not mention estoppel anywhere in his Second Amended Counterclaims [*see generally* ECF 42], raised no "estoppel" argument anywhere in his Motion, and the word "estoppel" does not exist anywhere in the Motion. [*See generally* ECF 69].

Consistent with the above authorities, the Court should strike and/or disregard Lau's new arguments based on his new evidence and/or otherwise raised for the first time in the Reply.

**III.    IF THE COURT IS INCLINED TO CONSIDER THE NEW EVIDENCE OR ARGUMENTS, THE AICPA SHOULD BE GRANTED LEAVE TO FILE A SUR-REPLY**

To the extent the Court is inclined to consider the new evidence and arguments raised for the first time in Lau's Reply, the Court should grant the AICPA leave to file a sur-reply so it may respond to Lau's new evidence and arguments.

Indeed, "[i]f a party raises a new argument or presents new evidence in a reply brief, the Court may consider these matters only if the adverse party is given an opportunity to respond." *Shinde v. Nithyananda Found.*, No. EDCV1300363JGBSPX, 2014 WL 12597121, *2 (C.D. Cal. Aug. 25, 2014); *Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1205, fn. 31 (C.D. Cal. 2007) ("New evidence submitted in reply should not be considered without affording plaintiffs an opportunity to respond."); *Fiorito v. Anderson*, 2021 WL 12318137, *1 (C.D. Cal. Sept. 28, 2021) (granting "Plaintiff leave to file a sur-reply—limited to any new arguments").

Here, the AICPA is prepared to and should be provided the opportunity to respond to the new evidence submitted in connection with Lau's Reply. For example, in a clear attempt to avoid giving the AICPA the opportunity to respond, Lau relies

on a purported consent decree from 2019 [ECF 80-3], that Lau could have and should have presented to the Court with his Motion. It would be unjust to consider this without permitting AICPA the opportunity to explain to the Court why this document, based on starkly different factual circumstances, does not support Lau's attempt to try to radically expand the scope of the ADA's application. The purported consent decree is also not proper, admissible evidence because it lacks authentication, lacks foundation, constitutes an agreement that purports to describe allegations in a wholly irrelevant dispute, and does not constitute any factual evidence probative of the AICPA's alleged wrongdoing here as to Lau. *See* Fed. R. Evid. §§ 401, 402, 901.

Lau also relies on cherry-picked communications between the AICPA and the California Board of Accountancy (CBA) [ECF 80-6 to 80-10] to argue that "AICPA is interfering with Mr. Lau's statutory and contractual rights", "AICPA's efforts are legally baseless, malicious, and contrary to the public's interests", and the AICPA "delibereate[ly] interfer[ed] with the CBA's rules for testing, licensure, and affording exam candidates due process." [ECF 80 at pp. 1, 7]. AICPA should permitted to explain that the waiver argument made in AICPA's Opposition brief equally applies to Lau's new arguments [see ECF 77 at p. 14]. Additionally, the purported evidence is improper, inadmissible, and irrelevant. The new exhibits merely contain third-party opinions about the purported legality of AICPA's conduct. Such opinions are incompetent, irrelevant and inadmissible third-party, lay opinions about a purely legal question. They are not facts or evidence, and additionally are not authenticated, and lack proper foundation. *See* Fed. R. Evid. §§ 401, 402, 701, 901.

Further, unsurprisingly, Lau omitted certain key communications between the AICPA and the CBA, which the AICPA is prepared to present before the Court to provide proper context and oppose Lau's conclusory and broad-sweeping arguments. Further, the AICPA is prepared to and should be provided the opportunity to respond to Lau's new legal arguments, including "estoppel."

## IV.    CONCLUSION

The Court should strike and/or disregard all the new evidence and arguments raised by Lau for the first time in the Reply. If the Court is inclined to consider such new evidence and arguments, the AICPA respectfully requests leave to file a sur-reply exceeding no more than 5 pages to be filed on or before May 19, 2025.

Dated:  May 12, 2025        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By        /s/ *Tenaya Rodewald*
TENAYA RODEWALD
KAZIM A. NAQVI
Attorneys for Plaintiff
AMERICAN INSTITUTE OF CERTIFIED
PUBLIC ACCOUNTANTS