# EXHIBIT 43

## UNREDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

Parker Poe

**Christopher M. Thomas**
***Partner***
t: 919.828.0564
f: 919.834.4564
christhomas@parkerpoe.com

Atlanta, GA
Charleston, SC
Charlotte, NC
Columbia, SC
Greenville, SC
Raleigh, NC
Spartanburg, SC
Washington, DC

October 28, 2024

**Via Email**

Kari O'Connor
Enforcement Chief
California Board of Accountancy
2450 Venture Oaks Way, Suite 300
Sacramento, CA 95833
Kari.O'Connor@cba.ca.gov

Re: **Complaint Filed Against Stephen Lau - Examination Candidate - Case No. A-2025-1259**

Dear Ms. O'Connor:

This law firm represents the American Institute of Certified Public Accountants (the "AICPA") in its lawsuit against Uniform CPA Examination candidate Stephen Lau filed in the United States District Court for the Central District of California, styled *AICPA v. Lau*, Case No. 24-CV-1940 (the "Lawsuit"). I write in response to your letter of October 14, 2024, addressed to Michael A. Decker of the AICPA, requesting the AICPA's assistance in the nature of providing the California Board of Accountancy ("CBA") with a true and correct copy of all documentation or evidence that supports the allegations made in the complaint filed in the Lawsuit on September 11, 2024 (the "Complaint"), including without limitation, "the Policy Statement and Agreement Regarding Examination Confidentiality signed by Mr. Lau."

Transmitted with this letter are documentation and evidence gathered by the AICPA that support the allegations of the Lawsuit. These include the affidavits of Michael Cannon, Jessica Lucas, Keith Wojcieszek, Patricia Hartman, and Christopher Thomas, each of which constitutes sworn testimony that substantiates the allegations in the Complaint. Also transmitted with this letter are a file-stamped copy of the Complaint and a chart, which cross references the allegations in the Complaint to the supporting testimony.

The affidavit of Jessica Lucas provides evidence that Mr. Lau agreed to the *Policy Statement and Agreement Regarding Examination Confidentiality* before taking the REG and ISC sections of the Uniform CPA Examination ("CPA Exam") on November 25, 2023, and February 3, 2024, respectively, which are the CPA Exam sections that are the focus of the Complaint. All of the affidavits and true and correct copies of the originals, except that parts of the affidavits of Michael Cannon and Keith Wojcieszek and/or their respective exhibits are redacted because they contain AICPA trade secrets. If you or members of your team need to view unredacted versions

of this testimony and documents, we will first need the people who will view it to enter into confidentiality agreements with terms similar to those in the Non-Disclosure Agreement to which all CPA Exam candidates must agree in order to take the CPA Exam.

While I am confident that the evidence we submitted will be sufficient, please let me know if there is anything else the AICPA needs to provide in response to your letter.

Finally, in view of the AICPA's: (1) filing of its complaint against Mr. Lau with the CBA (Case No. A-2025-1259); (2) filing of the Lawsuit; and (3) providing the CBA with sworn testimony and documents which support the allegations in the Complaint in the Lawsuit and in the CBA complaint, the AICPA respectfully requests that the CBA preclude Mr. Lau from taking any additional CPA Exam sections until the complaint before the CBA and the Lawsuit have both been resolved. As set forth in the Complaint, Mr. Lau infringed the AICPA's copyrighted Exam content, misappropriated some of the AICPA's CPA Exam-related trade secrets by disclosing them to other CPA Exam candidates, and breached contracts he had with the AICPA under which he specifically agreed not to do the things he did. Allowing Mr. Lau continued access to the AICPA's protected Exam Content threatens the integrity of both the AICPA's intellectual property rights in the CPA Exam and the results of the CPA Exam.

Sincerely,

Christopher M. Thomas

CMT:rd
Enclosures