# Exhibit B



February 26, 2025

Dominic Franzella
Executive Officer
California Board of Accountancy
2450 Venture Oaks Way, Suite 300
Sacramento, CA 95833

Re:    February 18, 2025 Letter from Dominic Franzella

Dear Mr. Franzella:

This is in response to your letters of February 5 and 18, 2025, concerning the release of the exam score for the Financial Accounting and Reporting (FAR) section of the Uniform CPA Examination (the "CPA Exam") taken by candidate Stephen Lau.

Your first letter acknowledges that the CBA is aware of, and has reviewed, some of the pleadings from the lawsuit the AICPA filed against Mr. Lau (the "Lawsuit") in which the AICPA asserts claims for copyright infringement, misappropriation of trade secrets, and breach of contract based on Mr. Lau's misuse of certain protected content ("Exam Content") from the CPA Exam. After stating that the CBA appreciates the significance of these claims, your first letter asserts that:

> *As Lau is a California CPA Exam candidate approved by the CBA to sit for the CPA Exam, it is the CBA that has jurisdiction to consider matters that may be grounds to deny an application to take the licensing examination, deny admission to current and future licensing examinations, void examination grades, and deny an application for a license or registration.*

In your second letter you elaborate on this point, stating that:

> *the CBA ... has jurisdiction under the California Accountancy Act to grant or deny an application, grant or deny admission to sit, and to void or finalize an exam score (Business and Professions Code sections 5110-5113) [and that by] enacting those statutes, the California Legislature charged CBA with the responsibility to determine questions about qualification to take an exam, admission to take a particular exam, and voidance or finalization of exam scores.*

This all may be true, but we have reviewed this section of the code and do not see anything that gives the CBA ***exclusive*** authority over the release of an exam score. If such language exists, please let us know.

Your first letter further states that "*there is no authority in the California Accountancy Act (Business and Professions Code section 5000 et seq.) that permits the AIPCA [sic] to withhold a score from an examination it administered on behalf of CBA.*" Even so, the fact that this particular statute does not grant the AICPA such authority does not mean the AICPA does not have it.

100 Princeton South, Suite 200, Ewing, NJ 08628
T: +1 609.671.2902  F: +1 609.671.2922
aicpaglobal.com | cimaglobal.com | aicpa.org | cgma.org

Exhibit B, Page 8

CONFIDENTIAL                                                    AICPA0000279

**AICPA**

In fact, under the Informed Consent Agreement Mr. Lau entered into on February 4, 2023, Mr. Lau explicitly agreed to be bound by, and consented to, the AICPA's authority to refuse to release his test scores "in the event that [his conduct] violates . . . the rules or conduct and non-disclosure requirements of AICPA." *See* Informed Consent Agreement, Section (c) at page 1.

As you know, Mr. Lau's conduct in violation of his Non-Disclosure Agreements with the AICPA is detailed in the AICPA's complaint and in the supporting documentation and evidence the AICPA provided to the CBA in response to one of the CBA's requests for documents and information in Case No. A-2025-1259.

We hope this addresses your questions about the legal basis for the AICPA withholding of Mr. Lau's exam score.

We are continuing to evaluate your request for its release.

Sincerely,

Michael A. Decker
VP, CPA Examination and Pipeline
AICPA

Cc:    Teighlor March, AICPA
       Christopher Thomas, Parker Poe

Exhibit B, Page 9

CONFIDENTIAL                                                          AICPA0000280